OPINION OF THE COURT
GARTH, Circuit Judge.
This appeal presents us with the identical issue presented by the companion case of *928 In re Quanta Resources Corp. (City of New York and State of New York v. Quanta Resources Corp.), 739 F.2d 912 (3rd Cir.1984). Because we have decided to reverse the district court’s order in the companion case, in which New York was the appellant, we will also reverse the bankruptcy court’s order in this case.
I.
Quanta Resources Corp. (Quanta) leased and operated a facility on a site in Edge-water, New Jersey, at which Quanta processed and resold waste oil and oil sludge. Quanta operated the site under “temporary operating authorities” (TOA’s) issued by the New Jersey Department of Environmental Protection (NJDEP). These TOA’s prohibited Quanta from accepting PCB-contaminated oil.
On June 23, 1981, NJDEP found PCB-contaminated oil at the site. On July 2, 1981, Quanta agreed to cease operating at the Edgewater location. On October 6, 1981, while NJDEP and Quanta were negotiating as to Quanta’s obligation to clean up the contaminated oil, Quanta filed a petition in bankruptcy under chapter 11 of the Bankruptcy Code, an action which was later (on November 12, 1981) converted to a chapter 7 liquidation. On October 7, 1981, NJDEP issued an administrative order requiring Quanta to cease operations, close the facility within one year, and clean up all hazardous materials.
On April 23, 1983, the Trustee for Quanta gave notice of proposed abandonment of the facility under 11 U.S.C. § 554 of the Bankruptcy Code, including the waste oil contained in tanks. The Trustee excepted from this notice that part of the oil which was free of significant contamination from PCB’s and was the subject of a pending sale agreement.
NJDEP opposed the abandonment, arguing that the abandonment would violate New Jersey law because oil contaminated with PCB’s must be stored and disposed of in compliance with state regulations. According to the state, abandonment would contravene these requirements and pose a threat to public health and safety because the oil was stored in leaking and insecure tanks, creating a danger of spillage into the Hudson River. NJDEP argued that the estate had sufficient funds to protect the public from the hazards.
After a hearing, by order dated May 20, 1983, the Bankruptcy Court authorized the requested abandonment of the oil, the order stating that its entry was to “be deemed to constitute the abandonment of the ... property by the Trustee effective May 17, 1983, nunc pro tunc." In re Quanta Resources Corp., No. 81-05967 (Bankr.D.N.J. May 20, 1983). The sale of the remaining oil was completed in June 1983, and the Trustee vacated the premises on July 1, 1983.
The parties consented to NJDEP’s taking a direct appeal to this court under Bankruptcy Code § 405(c)(1)(B). We therefore have appellate jurisdiction. See 28 U.S.C. § 1293(b) & note preceding id. § 1471 (appellate jurisdiction to consider such appeals).
II.
The instant case does not present us with a significantly different factual situation from that presented to us in In re Quanta Resources Corp., 739 F.2d 912 (3rd Cir.1984). In this case, abandonment of the property and the toxic oils will effect a disposal of toxic waste in a manner that contravenes New Jersey environmental protection law.[1] There is no principled distinction between the issues presented in this case and those presented in the companion Quanta case in which New York is the appellant. Thus the analysis and reasoning of 739 F.2d 912 apply equally to the case at bar. We hold that the Trustee does not have the right to abandon proper *929 ty of the estate where abandonment contravenes state public health and safety laws, as it does here.
Because NJDEP — unlike the City and State of New York in the companion case at 739 F.2d 912 — has not argued that it should be reimbursed for any expenses incurred in cleaning up or restoring the property (indeed NJDEP has not asserted that it incurred any such expenses),[2] we have no cause to address that issue. This point serves to emphasize the scope of our central holding in these two cases — that enforcement of state public health and safety laws is not superseded by the power of abandonment contained in section 554 of the Bankruptcy Code. The issue is not who should pay to clean up the estate’s property; it is whether the Trustee’s interest in preserving the estate should prevail over the public’s interest in containing the hazards produced by toxic wastes in the possession of the estate. As in the companion case where the State and City of New York are appealing, we are convinced that the equities must be balanced in favor of the public interest.
III.
The bankruptcy court’s order authorizing abandonment of the estate’s property at the Edgewater site will be reversed and the case remanded to the bankruptcy court for further appropriate proceedings in light of both Quanta opinions.
Each party will bear its own costs.

. NJDEP argues that federal environmental law is also violated by the abandonment. Since NJDEP has not persuaded us that it has the power to enforce federal law in this situation, there is no issue before us as to a conflict between the abandonment power under § 554 of the Bankruptcy Code and federal environmental protection law.

. NJDEP did claim an interest in the property prior to abandonment, as did Midlantic National Bank, an appellee here. However, the nature of that interest has not been disclosed to us and it is not a factor for consideration on this appeal.