751 F.2d 806
 12 Collier Bankr.Cas.2d 543, 12 Bankr.Ct.Dec. 1014,
Bankr. L. Rep. P 70,239
 In re EXCLUSIVE INDUSTRIES CORPORATION, Debtor.
Hugh William THISTLETHWAITE, Trustee, Plaintiff-Appellee,
v.
FIRST NATIONAL BANK OF LAFAYETTE, LA., Defendant-Appellant,
v.
AMCO UNDERWRITERS OF AUDUBON INSURANCE COMPANY, Defendant-Appellee.
 No. 84-4617
 
 Summary Calendar.
 United States Court of Appeals,
 Fifth Circuit.
Feb. 1, 1985.
 Broadhurst, Brook, Mangham, Hardy & Reed, Wayne A. Shullaw, Lafayette, La., for defendant-appellant.
 Hugh Wm. Thistlethwaite, Trustee, Opelousas, La., for plaintiff-appellee.
 Appeal from the Bankruptcy Court for the Western District of Louisiana.
 Before RUBIN, RANDALL and TATE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a direct appeal from a July 11, 1984, final judgment of the Bankruptcy Court for the Western District of Louisiana. As a result of recent statutory amendments, we lack jurisdiction of the appeal. We have the authority, however, under 28 U.S.C. Sec. 1631, to transfer this appeal to the proper forum. Accordingly, we direct the Clerk of the Court to transmit the briefs and record in this case to the United States District Court for the Western District of Louisiana.
 
 I.
 
 2
 William C. Sandoz, the bankruptcy trustee of the estate of Exclusive Industries Corporation, commenced this adversary proceeding to determine the validity, priority and extent of liens asserted by creditors on the proceeds generated by the sale of certain of the debtor's property. The case was tried in the Bankruptcy Court for the Western District of Louisiana on January 24, 1984. The court filed an opinion on May 15, 1984. 41 B.R. 493. A judgment was not signed, however, until July 11, 1984. The First National Bank of Lafayette filed a notice of appeal to this court on July 26, 1984.
 
 II.
 
 3
 The parties assert that we have jurisdiction of this appeal under 28 U.S.C. Sec. 1293(b) which provides that, with the consent of all parties, "a court of appeals shall have jurisdiction of an appeal ... from a final judgment ... of a bankruptcy court of the United States." All of the parties in this case have consented to a section 1293(b) direct appeal. We conclude, however, that our jurisdiction of bankruptcy appeals no longer derives from that statute.
 
 III.
 
 4
 As part of the 1978 reform of the bankruptcy court system, section 1293(b) was scheduled by Congress to take effect on June 28, 1984. See Pub.L. No. 95-598, Sec. 402(b), 92 Stat. 2682 (1978), as amended by Pub.L. No. 98-325, Sec. 1(a), 98 Stat. 268 (1984). During the transition period between November 6, 1978, and June 28, 1984, Congress provided that section 1293(b) would govern as if fully effective. See Pub.L. No. 95-598, Sec. 405(c), 92 Stat. 2685 (1978). The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, Secs. 113, 122(c), 98 Stat. 343, 346 (the 1984 Act), intervened, however, and provides that, rather than taking effect on June 28, 1984, section 1293(b), as of June 27, 1984, "shall not be effective."[1]
 
 
 5
 Congress replaced section 1293(b) with a new bankruptcy appellate system which no longer includes a provision for consensual direct appeals to the courts of appeals. Section 104(a) of the 1984 Act, codified at 28 U.S.C.A. Sec. 158, provides that district courts have jurisdiction of appeals from decisions of bankruptcy judges in cases under title 11 and in core proceedings referred to bankruptcy judges under the authority granted by 28 U.S.C.A. Sec. 157. The 1984 Act also provides that, with the consent of all parties, appellate jurisdiction of bankruptcy matters may be exercised, in certain circumstances, by bankruptcy appellate panels comprised of three bankruptcy judges. In addition, the 1984 Act provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsection (a) [appellate decisions by district courts] and (b) [decisions of bankruptcy appellate panels] of this section." Id. Clearly, by these provisions, Congress abolished the direct appeal option and limited our jurisdiction in bankruptcy matters to appeals from the decisions of district judges and bankruptcy appellate panels.
 
 
 6
 The appellate jurisdiction provisions of the 1984 Act became effective on July 10, 1984. See id. Sec. 122, 98 Stat. 346. Since that date, therefore, we have been without jurisdiction to hear direct appeals from the decisions of bankruptcy judges, at least under the circumstances that obtain here. The judgment appealed from in this case was entered on July 11, 1984, and the notice of appeal was filed on July 26, 1984. Thus, there can be no question that the 1984 Act governs this appeal and that we lack jurisdiction.[2]
 
 IV.
 
 7
 Although we lack jurisdiction, we are not constrained to dismiss this appeal. Congress in 1982 enacted, as a part of the Federal Courts Improvement Act, a statute granting broad transfer powers to federal courts. Section 1631 of title 28[3] provides that, when a federal court discovers that it lacks jurisdiction, it may, in the interest of justice, transfer a case to a federal court which, on the day the case was filed, had jurisdiction of the matter. In the appellate context, a section 1631 transfer is appropriate if: (1) the transferor court lacks jurisdiction; (2) on the date the notice of appeal was filed, the transferee court could have heard the appeal; and (3) the interests of justice would be served by transfer.
 
 
 8
 We have already determined that this case is not properly before us. Pursuant to 28 U.S.C.A. Sec. 158(a),[4] jurisdiction of this appeal rests with the District Court for the Western District of Louisiana. Given the cloud of confusion that has shrouded bankruptcy jurisdiction since Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), we conclude that the interests of justice would be served by a transfer to that court.[5] Accordingly, we will exercise the transfer power granted to us by 28 U.S.C. Sec. 1631.
 
 V.
 
 9
 For the reasons set forth above, the Clerk of the Court is directed to transmit the briefs and record in this case to the United States District Court for the Western District of Louisiana.
 
 
 10
 TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA.
 
 
 
 [1]
 We note that there is seemingly an inconsistency in the 1984 Act. Section 113 amends section 402(b) of the 1978 Act "by striking out 'shall take effect on June 28, 1984' and inserting in lieu thereof 'shall not be effective.' " Id. Sec. 113, 98 Stat. 345. Section 121(a) of the 1984 Act, however, provides that "Section 402 [of the 1978 Act] is amended in subsections (b) and (e) by striking out 'June 28, 1984' each place it appears and inserting 'the date of the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 [July 10, 1984].' " These provisions may not be inconsistent. Section 113 took effect on June 27, 1984. See id. Sec. 122(c), 98 Stat. 346. Section 121(a), on the other hand, took effect on July 10, 1984. See id. Sec. 122(a), 98 Stat. 346. Therefore, on the date that section 121(a) became effective, section 402(b) of the 1978 Act, through retroactive application of section 113, no longer included the words "June 28, 1984," but instead included the words "shall not be effective." At any rate, even if this analysis is flawed and the 1984 Act is inconsistent on this point, it is clear, at least with respect to the bankruptcy appellate system, that, by enacting inconsistent provisions, Congress implicitly repealed 28 U.S.C. Sec. 1293(b). See Collier on Bankruptcy, Editor's Note at p. 227 (1984 Supp.)
 
 
 [2]
 The 1984 Act specifically provides that jurisdiction of appeals pending on July 10, 1984, in the old bankruptcy appeals panels established pursuant to 28 U.S.C. Sec. 160(a) shall vest in the district courts. See id. Sec. 115(b), 98 Stat. 343. The Act does not, however, prescribe the treatment to be afforded to consensual direct appeals that are pending in the courts of appeals on July 10, 1984. See In re Quanta Resources Corp., 739 F.2d 927, 928 (3d Cir.1984) (noting Sec. 1293(b) jurisdiction of direct appeal in case submitted June 19, 1984, and decided July 20, 1984). Since the notice of appeal was not filed by The First National Bank of Lafayette until July 26, 1984, this case does not present that question
 
 
 [3]
 Section 1631 provides:
 Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it is transferred.
 28 U.S.C. Sec. 1631.
 
 
 [4]
 Section 158(a) provides:
 The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.
 A proceeding like this one to determine the validity or priority of liens is a "core proceeding" in which a bankruptcy judge, under 28 U.S.C. Sec. 157, may enter a final judgment or order, subject to appeal to the district court or the appeals panel.
 
 
 [5]
 We are mindful that, if we were to dismiss the appeal, appellant might lose the right to appeal the bankruptcy judge's decision. Under Bankruptcy Rule 8002, made applicable by 28 U.S.C. Sec. 158(c), a notice of appeal to the district court, with exceptions not relevant here, must be filed with the bankruptcy court within ten days of the entry of the judgment from which appeal is taken. Obviously, more than ten days have passed since the entry of the bankruptcy judge's judgment in this case