BY THE COURT:
The bankruptcy court, 41 B.R. 781 (1984), dismissed the complaint of the creditors, City National Bank of Miami and City National Bank, against the debtor, General Coffee Corporation. The parties consented to the direct appeal of the dismissal order under 28 U.S.C.A. § 1293(b) of the 1978 Bankruptcy Code. Congress, however, superseded the old Act’s section 1293(b) direct appeal provision by enacting sections 104(a) (codified at 28 U.S.C.A. § 158) and 113 of the new 1984 Bankruptcy Amendments Act. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 1984 U.S.Code Cong. & Ad.News (98 Stat.) 333, 341, 343 (BAFJA or new Act). After the notice of appeal was filed in this case, this Court requested the parties to address two jurisdictional questions:
(1) Whether there is any authority for a direct appeal to this Court from bankruptcy court?
(2) Whether 28 U.S.C. § 1293(b) was nullified by P.L. 98-353, the Bankruptcy Amendments and Federal Judgeship Act of 1984, and replaced by 28 U.S.C. § 158?
Upon consideration of the briefs filed in response to that request, carefully arguing the conflict in the present statutes, we hold that under the new Act, direct appeals from the bankruptcy court no longer may be taken to this Court. Although we are without jurisdiction to entertain this appeal, we exercise our authority to TRANSFER this appeal to the United States District Court for the Southern District of Florida.
The issue arises because two statutes are contradictory. Three sections of the new Act are relevant to this inquiry: (1) section 113,[1] which declares 28 U.S.C.A. § 1293(b)[2] ineffective, (2) 28 U.S.C.A. § 158,[3] which *1408 establishes a new comprehensive system for appealing bankruptcy cases, and ^section 121(a),[4] which declares section 1293(b) effective as of July 10, 1984, the date the BAFJA was enacted. Section 121(a) directly contradicts section 113. The question is how this conflict should be resolved.
The Fifth Circuit Court of Appeals recently decided this precise issue in In re Exclusive Industries Corp., 751 F.2d 806 (5th Cir.1985) where it found it was without jurisdiction to hear a direct appeal from the bankruptcy court pursuant to 28 U.S.C.A. § 158 and section 113 of the 1984 Act and transferred the appeal to district court under 28 U.S.C.A. § 1631. We agree with the position taken by the Fifth Circuit.
Absent an affirmative showing of intent to repeal, statutes are generally deemed to be repealed only where there exists a positive repugnancy which “cannot be reconciled.” Interstate Commerce Commission v. Southern Railway Co., 543 F.2d 534, 539 (5th Cir.1976) (quoting Regional Rail Reorganization Act Cases, 419 U.S. 102, 133-34, 95 S.Ct. 335, 353-54, 42 L.Ed.2d 320 (1974)). Section 1293(b) is impossible to reconcile with the new 28 U.S.C.A. § 158. Both cannot be effective. The former explicitly authorizes direct appeals to this Court. The latter does not. While there is no legislative history to explain why section 1293 was retained on the statute books upon adoption of the new appeal provision, it is apparent that the new Act’s appellate scheme embodied in 28 U.S.C.A. § 158 was intended by Congress to supplant section 1293(b) direct appeals. First, 28 U.S.C.A. § 158 collects together all former appellate provisions into a comprehensive and autonomous appellate scheme. Second, it contains no provision for direct appeals in describing court of appeals jurisdiction. Thus, it is reasonable to give effect to the new appeal provision and to assume that Congress intended to supercede the former procedure. See In re Exclusive Industries Corp., 751 F.2d at 808; cf. In re Riggsby, 745 F.2d 1153, 1155 (7th Cir.1984) (1984 Amendments repeal section 1293(b) by implication because the provisions appear to have the same meaning); but cf. Pacor, Inc. v. Higgins, 743 F.2d 984, 987 n. 4 (3d Cir.1984) (“We do not believe that the particular changes, terminology, and renumbering of [jurisdictional] sections make substantive changes in the statutes as we interpret them in this opinion.”).
When questioned about the inconsistency in the legislation, Senator Dole, a key senator in the passage of BAFJA, stated:
We goofed. [Section 113] states that Title II of the 1978 Reform Act will not take effect while [section 121(a) ] makes it effective on the date of enactment of BAFJA. Taken in the context of what *1409 we were doing, it is obvious that Section 113 is the correct provision and that the language found in [section] 121(a) is totally in opposition to our intention and should be ignored.
Dole/DeConcini Interviewed, 3 Am.Bankr. Newsletter 1, 3 (1984-85). “The circumstances of enactment of particular legislation may persuade a court that Congress did not intend words of common meaning to have their literal effect.” Watt v. Alaska, 451 U.S. 259, 266, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981). The better conclusion is that 28 U.S.C.A. § 158 and section 113 rendered ineffective the old section 1293(b).
Thus, this Court does not have jurisdiction of this appeal. City Nationál Bank of Miami and City National Bank Corp. filed their appeal September 14, 1984. The 1984 Act provides that, with some exceptions, Title I “shall take effect on the date of the enactment of this Act.” Pub.L. No. 98-353, Title I, § 122(a), 1984 U.S.Code Cong. & Ad.News (98 Stat.) 346. Title I, which enacted 28 U.S.C.A. § 158, became effective July 10, 1984. Moreover, section 113 provided that the direct appeal provision, section 1293(b), was ineffective as of June 27, 1984. This Court has held that “[n]ew laws will be applied [to cases pending on the date of their enactment] unless manifest injustice would result, or there is a statutory directive or legislative history to the contrary.” Corpus v. Estelle, 605 F.2d 175, 180 (5th Cir.1979), cert. denied, 445 U.S. 919,100 S.Ct. 1284, 63 L.Ed.2d 605 (1980) (footnote and citations omitted); see United States v. Marengo County Commission, 731 F.2d 1546, 1553 (11th Cir.), cert. denied, — U.S.-, 105 S.Ct. 375, 83 L.Ed.2d 311 (1984).
Although a bill suggested in part to repeal section 121(a) was forwarded to the Senate by William E. Foley, Director, Administrative Office of the United States Courts, the Congress has apparently left these conflicts for the courts to resolve.
We conclude that to the extent section 121(a) provides that section 1293(b) was effective on July 10, 1984, the passage or language of section 121(a) was an oversight.
Section 113 and 28 U.S.C.A. § 158, read in the context of both the 1978 and the 1984 Bankruptcy Acts, abolish our jurisdiction to hear direct appeals from the bankruptcy court filed as of July 10, 1984.
Accordingly, we direct the Clerk of the Court to transmit the briefs and record in this case to the United States District Court for the Southern District of Florida pursuant to our transfer authority under 28 U.S.C.A. § 1631.
This appeal is TRANSFERRED.

. Section 113 states in its entirety:
Section 402(b) of the Act of November 6, 1978 (Public Law 95-598; 92 Stat. 2682), is amended by striking out “shall take effect on June 28, 1984" and inserting in lieu thereof "shall not be effective”.
Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, § 113, 1984 U.S.Code Cong. & Ad.News (98 Stat.) 343.

. 28 U.S.C.A. § 1293(b) states in its entirety:
(b) Notwithstanding section 1482 of this title, a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of an appellate panel created under section 160 or a District court of the United States or from a final judgment, order, or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.

. 28 U.S.C.A. § 158 states in its entirety:

Appeals

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.
(b) (1) The judicial council of a circuit may establish a bankruptcy appellate panel, *1408 comprised of bankruptcy judges from districts within the circuit, to hear and determine, upon the consent of all the parties, appeals under subsection (a) of this section.
(2) No appeal may be referred to a panel under this subsection unless the district judges for the district, by majority vote, authorize such referral of appeals originating within the district.
(3) A panel established under this section shall consist of three bankruptcy judges, provided a bankruptcy judge may not hear an appeal originating within a district for which the judge is appointed or designated under section 152 of this title.
(c) An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.
(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.
Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, § 104(a), 1984 U.S.Code Cong. & Ad.News (98 Stat.) 341 (codified at 28 U.S.C.A. § 158).

. Section 121(a) states in its entirety:
(a) Section 402 of the Act entitled "An Act to establish a uniform Law on the Subject of Bankruptcies” (Public Law 95-598) is amended in subsections (b) and (e) by striking out "June 28, 1984” each place it appears and inserting in lieu thereof "the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984”.
Bankruptcy Amendment and Federal Judgeship Act of 1984, Pub.L. No. 98-353, § 121(a), 1984 U.S.Code Cong. & Ad.News (98 Stat.) 345.