814 F.2d 1501
 16 Collier Bankr.Cas.2d 881, Bankr. L. Rep. P 71,724
Charles PURSIFULL, Trustee in Bankruptcy, Plaintiff-Appellant,
v.
Jimmy Luther EAKIN and Hilburn Paul Eakin, Defendants-Appellees.
Charles PURSIFULL, Trustee in Bankruptcy, Plaintiff-Appellant,
v.
Jimmy Luther EAKIN, Hilburn Paul Eakin, Energy Agri
Products, Inc., Getty Oil Company, and Getty
Trading and Transportation Company,
Defendants-Appellees.
 Nos. 84-2127, 84-2128.
 United States Court of Appeals,
Tenth Circuit.
 March 27, 1987.
 
 John E. Patterson, Jr. and Dennis C. Roberts, Oklahoma City, Okl., for plaintiff-appellant.
 Don L. Patterson, Coulton, Morgan, Britain & White, Amarillo, Tex., and Douglas C. McBee, Andrews, Davis, Legg, Bixler, Milsten & Murray, Oklahoma City, Okl., for defendants-appellees.
 Before BARRETT, LOGAN and BALDOCK, Circuit Judges.
 BALDOCK, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8(c). The cause, therefore, is submitted without oral argument.
 
 
 2
 Cases 84-2127 and 84-2128 have been consolidated on appeal for purposes of record, briefing, argument and submission. Each appeal stems from an adversary proceeding filed in conjunction with the bankruptcy case involving Larry L. Sharp, debtor (Sharp). Due to the similarity of the issues on appeal, we decide these cases together.
 
 
 3
 Appellant Pursifull, the trustee in bankruptcy, appeals the denial of the debtor's appeal to an en banc panel of judges for the Western District of Oklahoma. The appeal to the en banc court involved an order of the trial judge which lifted the automatic stay provided in 11 U.S.C. Sec. 362 with regard to a pending state court action, as well as an order rejecting the findings of fact, conclusions of law, and proposed judgment submitted by the bankruptcy judge. For the reasons set forth below, we affirm the lifting of the stay, and dismiss the appeal as it pertains to the rejection of the bankruptcy judge's recommendations.
 
 
 4
 The oil and casinghead gas lease involved in these cases was entered into December 21, 1982, by Jimmy Luther Eakin and Hilburn Paul Eakin (referred to collectively as Eakin), as lessors, and Energy Agri Products (Energy Agri), as lessee. Energy Agri farmed out the lease to Sharp on December 24, 1982. The lease covered 160 acres of land located in Carson County, Texas.
 
 
 5
 On September 9, 1983, Eakin commenced a suit against Sharp in Texas state court. The purpose of the Texas suit was to determine the rights of Eakin and Sharp based on Sharp's alleged failure to meet the drilling obligations in the lease. Sharp then filed a petition for chapter 11 bankruptcy on November 27, 1983. According to appellant, the sole asset of any value in the debtor estate is the oil and casinghead gas lease.
 
 
 6
 Sharp filed an adversary proceeding (No. 83-1151) against Eakin and Energy Agri to determine the validity of the lease in the bankruptcy court. Energy Agri was served, failed to answer, and consented to the entry of an order of judgment in favor of Sharp as to Energy Agri's interest in the lease. Eakin moved to dismiss the adversary proceeding for lack of subject matter and personal jurisdiction. The motions were heard and denied by the bankruptcy judge. Eakin then filed a motion to compel the deposit of funds held by Sharp, and was granted affirmative relief. The bankruptcy judge later vacated this order and allowed the use of the production income by the debtor estate.
 
 
 7
 On February 23, 1984, Sharp filed a second adversary proceeding (No. 84-0129) against Eakin, alleging slander of title as to the lease. Eakin filed an answer, counterclaim, demand for jury trial, and moved to consolidate 84-0129 with 83-1151. The motion to consolidate was denied, and the cases were consolidated for the first time on appeal.
 
 
 8
 On March 8, 1984, Eakin filed a motion to withdraw the automatic reference and a motion to stay the adversary proceedings. These motions were heard by the district court on March 22, 1984. The district court declined to act, thus leaving the reference in place and not staying the adversary proceeding. The bankruptcy judge conducted a trial in 84-1151 on April 24, 1984.
 
 
 9
 Eakin's motion for abstention from jurisdiction or, in the alternative, for transfer of venue of the adversary proceedings, was heard by the district judge on April 26, 1984. The next day, the district court entered an order withdrawing the automatic reference, lifting the automatic stay as to the Texas state court proceeding, and reserving the right to receive the findings of fact and conclusions of law of the bankruptcy judge from the April 24, 1984, trial.
 
 
 10
 The bankruptcy judge submitted his findings of fact, conclusions of law, and a proposed order on May 9, 1984. The district court conducted a hearing on the bankruptcy judge's submitted findings and conclusions on May 24, 1984, and announced that it declined to follow the recommendations of the bankruptcy judge. An order was entered June 7, 1984, rejecting the findings, conclusions, and report and recommendation of the bankruptcy judge.
 
 
 11
 On July 6, 1984, the district court entered an order abstaining from the exercise of jurisdiction over the adversary proceedings pursuant to 28 U.S.C. Sec. 1471(d).[1] The district court concluded that the issues raised by the proceedings related to title to real property located in Texas, and that the issues should thus be determined by the Texas state courts. No appeal was taken from this abstention order.
 
 
 12
 Sharp appealed the April 27, 1984, order withdrawing the automatic stay as well as the district court's rejection of the bankruptcy judge's findings and conclusions, to the judges of the Western District of Oklahoma sitting en banc. By order dated July 6, 1984, the district judge who had heard the cases and entered the appealed orders affirmed the earlier orders, apparently without submitting the appeal to the full panel. It is from this order that the trustee appeals.
 
 
 13
 We first address appellant's contention that the district court erred in affirming the withdrawal of the automatic stay. Appellant argues that the withdrawal of the stay was improper because the district court did not follow the procedures for lifting the stay as set forth in 11 U.S.C. Sec. 362(d). Appellees, on the other hand, contend that the notice and hearing provided in connection with the motion to abstain from exercising jurisdiction satisfied the procedural requirements for the lifting of the stay.
 
 
 14
 The purpose of the automatic stay provided by 11 U.S.C. Sec. 362 is to protect the debtor and his creditors by allowing the debtor to organize his affairs, and by ensuring that the bankruptcy procedure may operate to provide an orderly resolution of all claims. Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1330 (10th Cir.1984). Section 362(d)[2] allows the granting of relief from the automatic stay under appropriate circumstances. The decision as to whether to lift the stay is committed to the discretion of the judge presiding over the bankruptcy proceedings, and we review such decision under the abuse of discretion standard. Matter of Boomgarden, 780 F.2d 657, 660 (7th Cir.1985); In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir.1986).
 
 
 15
 The automatic stay generally prohibits, with exceptions not relevant here, litigation, enforcement of liens, and other actions, be they judicial or otherwise, which would affect or interfere with property of the estate, of the debtor, or which is in the custody of the estate. 11 U.S.C. Sec. 362(a). The stay procedure thus allows the federal court presiding over the bankruptcy to retain control over the resolution of all claims pertaining to the debtor and the bankruptcy estate. As applied to this case, the stay effectively limits the power of the Texas state court to adjudicate the rights of the respective parties under the oil and gas lease.
 
 
 16
 While the operation of the automatic stay affects the power of entities other than the court presiding over the bankruptcy to resolve claims involving the debtor or the estate, the abstention provided for in Sec. 1334(c)[3] deals with the exercise of jurisdiction by the court presiding over the bankruptcy itself. Thus, a decision to abstain affects the power of the court presiding over the bankruptcy only, and does not give any other entity the power to resolve claims involving the debtor or the estate. Even where the court has abstained pursuant to Sec. 1334(c), the stay granted under Sec. 362 must be modified in order to allow the resolution of claims other than in the court with jurisdiction over the bankruptcy. In the present case, although the district court abstained from hearing the adversary proceedings regarding the oil and gas lease, the Texas courts could not adjudicate the rights under the lease unless the automatic stay was lifted.[4] The abstention by the district court, therefore, does not render moot the propriety of the lower court's decision to lift the stay as it pertains to the Texas proceedings.
 
 
 17
 Section 362(d) allows the modification of the automatic stay "[o]n request of a party in interest and after notice and a hearing." Appellant contends that no request for modification was made by a party in interest, and that notice and hearing were not provided prior to the lifting of the stay. We disagree.
 
 
 18
 11 U.S.C. Sec. 102(1)(A) provides that, as used in title 11, "after notice and a hearing ... means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." Also, the request for relief may be in the form of a motion; a complaint is not required. Browning v. Navarro, 743 F.2d 1069, 1083 (5th Cir.1984). See also Bankr.R. 4001(a) and 9014. Eakin filed a "motion for abstention from exercise from jurisdiction, in the alternative, motion to transfer venue of adversary proceedings," in both adversary proceedings on April 6, 1984. While the motion does not expressly request the modification of the stay, the wording of the motion indicates that the relief sought by Eakin included the district court allowing the resolution of the issues in the Texas state courts. As noted, the resolution of the issues in Texas court would be possible only if the automatic stay was lifted. Thus, implicit in Eakin's request to have the issues resolved in Texas state court is a request for modification of the stay. We therefore conclude that, under the particular wording of Eakin's motion, the motion did constitute a request for relief from the stay, and did provide notice to appellant that such request had been made.
 
 
 19
 We further conclude that the hearing held April 26, 1984, in conjunction with the motion to abstain, at which the district court announced his withdrawal of the reference and lifting of the stay, satisfied the hearing requirements of Sec. 362. Appellant had the opportunity at that hearing to argue against the lifting of the stay, but failed to offer any reason why the stay should be left in place as to the Texas proceeding, or why the issues should not be resolved in the Texas courts. Thus, the notice and hearing provided were appropriate under the particular circumstances of this case.
 
 
 20
 Appellant also argues that the district court erred in lifting the stay because there was no showing of "cause" to do so. " 'Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis.' " In re Castlerock Properties, 781 F.2d at 163 (quoting In re MacDonald, 755 F.2d 715, 717 (9th Cir.1985)). The district court in the present case lifted the stay because there was a Texas state court proceeding pending which dealt with the same issues, and because the issues involved were matters of state law best decided by the state courts. The reasons given by the district court constitute sufficient cause for lifting the stay as to the Texas proceedings. See In re Castlerock Properties, 781 F.2d at 163; In re MacDonald, 755 F.2d at 717. We therefore find no abuse of discretion in the district court's decision to lift the automatic stay as it pertains to the Texas proceedings.
 
 
 21
 Appellant next argues that the district court erred in rejecting the bankruptcy judge's proposed findings of fact, conclusions of law, and report and recommendation. Because we conclude that this issue is moot in the present case, we do not address the merits of appellant's argument.
 
 
 22
 "Generally an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief." Thournir v. Buchanan, 710 F.2d 1461, 1463 (10th Cir.1983). In the present case, the district court rejected the findings, conclusions, and recommendations of the bankruptcy judge, then later abstained from exercising its jurisdiction in the adversary proceedings. No appeal was taken from the order of abstention.
 
 
 23
 The abstention renders moot the issue as to whether the district court properly rejected the bankruptcy judge's conclusions. The district court has chosen not to exercise jurisdiction in this case, and we have no power to review that unappealed abstention. Thus, even if we were to hold that the district court erred in rejecting the bankruptcy judge's conclusions, appellant could gain no effective relief because the cases are no longer before the district court. Because we cannot force the district court to exercise its jurisdiction over the adversary proceedings, we cannot grant appellant effective relief as to the rejection of the bankruptcy judge's conclusions. This inability to grant effective relief renders the issue moot, and the appeal is dismissed as it pertains to the district court's rejection of the bankruptcy judge's proposed findings, conclusions, and report and recommendation.
 
 
 24
 Finally, appellant argues that the district court erred in its handling of the appeal to the en banc district court. Because we have addressed both issues raised by the en banc appeal, and in light of the unappealed abstention discussed above, we find it unnecessary to address the propriety of the district judge's handling of the en banc appeal.
 
 
 25
 AFFIRMED IN PART; DISMISSED IN PART.
 
 
 
 [1]
 28 U.S.C. Sec. 1471(d) provided:
 Subsection (b) or (c) of this section does not prevent a district court or bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or relating to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.
 Section 1471(a) and (b) contained the jurisdictional grant to the district courts under title 11, while Sec. 1471(c) contained the jurisdictional grant to the bankruptcy courts held unconstitutional in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).
 Section 1471 was enacted by title II of the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, Sec. 241(a), 92 Stat. 2549, 2668-69. Section 402(b) of the 1978 Act contained the effective date provision applicable to Sec. 1471. After several amendments, Sec. 402(b) provided that certain amendments made by title II of the 1978 Act, including Sec. 1471, were to take effect on June 28, 1984. Act of June 20, 1984, Pub.L. No. 98-325, Sec. 1(a), 98 Stat. 268. However, Sec. 1471 was made applicable to courts of bankruptcy, including the district courts, in the transition period prior to the effective date. Bankruptcy Reform Act, Sec. 405(b), 92 Stat. 2685.
 Congress later passed the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), Pub. L. No. 98-353, 98 Stat. 333. Section 113 of the 1984 Act amended Sec. 402(b) of the 1978 Act by striking out the June 28, 1984, effective date and inserting in lieu thereof "shall not be effective." Id., Sec. 113, 98 Stat. at 343. Section 121(a) of the same 1984 Act, however, provided that "[s]ection 402 [of the 1978 Act] is amended in subsection (b) and (e) by striking out 'June 28, 1984' each place it appears and inserting in lieu thereof 'the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 [July 10, 1984].' " Id., Sec. 121(a), 98 Stat. at 345.
 We agree with the Fifth Circuit's conclusion in In re Exclusive Industries Corp., 751 F.2d 806, 808 n. 1 (5th Cir.1985), that Sec. 113 and Sec. 121(a) of the 1984 act are not necessarily inconsistent. Section 113 had an effective date of June 27, 1984. See id. Sec. 122(c), 98 Stat. at 346. Section 121(a) took effect on the date of enactment of the 1984 Act, or July 10, 1984. See id., Sec. 122(a), 98 Stat. at 346. Construing Sec. 122(c) as providing for the retroactive application of Sec. 113, Sec. 402(b) was amended on June 27, 1984, by striking out the June 28, 1984, effective date and replacing it with "shall not be effective." When Sec. 121(a) became effective on July 10, 1984, Sec. 402(b) no longer included the words "June 28, 1984." Thus, the amendment provided for by Sec. 121(a) did not apply to Sec. 402(b), and Sec. 402(b) was left with the "shall not be effective" language. As a result of this final amendment to Sec. 402(b), the amendments made by title II of the 1978 Act which relied on Sec. 402(b) for their effective date will not become effective. Thus, Sec. 1471 is no longer effective.
 Moreover, section 101(a) of the 1984 Act amended 28 U.S.C. Sec. 1334 to contain the jurisdictional grant under title 11. Id., Sec. 101(a), 98 Stat. at 333.
 The provisions of title II must be deemed effectively repealed wherever they are supplanted by the special provisions of [the] Bankruptcy Amendment Act or other circumstances show that Congress must have intended repeal. With regard to section 1471, congressional intention cannot be in doubt. The purpose of the Bankruptcy Amendment Act was to reform bankruptcy jurisdiction, and it is inconceivable that Congress would carry out that task and then intentionally continue the jurisdictional provisions struck down in Northern Pipeline.
 In re Salem Mortgage Co., 783 F.2d 626, 628 n. 3 (6th Cir.1986). Furthermore, to allow the provisions of title II of the 1978 Act to become effective on July 10, 1984, would result in "two systems of bankruptcy courts, one constitutional and one unconstitutional, existing at the same time.... Congress could not have intended such an absurdity." In re Carter, 759 F.2d 763, 765-66 (9th Cir.1985) (emphasis in original).
 In summary, 28 U.S.C. Sec. 1334 has replaced 28 U.S.C. Sec. 1471 as the jurisdictional statute pertaining to title 11. Section 1334(a) and (b) vest jurisdiction in the district courts for cases under or relating to title 11, while Sec. 1334(c) contains the current abstention provisions.
 
 
 [2]
 11 U.S.C. 362(d) provides in pertinent part:
 On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
 (1) for cause....
 
 
 [3]
 28 U.S.C. Sec. 1334(c) replaced Sec. 1471(d) as the statute providing for abstention from the jurisdictional grant under title 11, and provides as follows:
 (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
 (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.
 
 
 [4]
 We note that the final sentence of Sec. 1334(c)(2), which provides that abstention under Sec. 1334(c) will not "limit the applicability of the stay provided for by section 362," would mandate this result. "Absent manifest injustice or intent to the contrary, the court generally applies the law as it exists when a decision is made." In re Branding Iron Motel, Inc., 798 F.2d 396, 399 n. 2 (10th Cir.1986). However, Sec. 122(b) of the BAFJA of 1984 provides that "[s]ection 1334(c)(2) of title 28, ... as added by this Act, shall not apply with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act [July 10, 1984], or to proceedings arising in or related to such cases." 98 Stat. at 346. Thus, Sec. 1334(c)(2) cannot be applied to the present case