**PEOPLE EXPRESSING A CONCERN FOR EVERYONE, et al., Plaintiffs,**

v.

**Bill BAIRD, et al., Defendants.**

**No. 81 C 3270.**

United States District Court,
E.D. New York.

May 13, 1983.

A. Lawrence Washburn, Jr., Williston Park, N.Y., Allbery & Roberts, Dayton, Ohio (Michael J. McDonald, Dayton, Ohio, of counsel), for plaintiffs.

Washington Square Legal Services, Inc., New York City (Burt Neuborne, Washington Square Legal Services, Inc., Margaret Woo and Vicki Been, Legal Interns, of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendants move to dismiss this action because it is barred by the statute of limitations. On June 30, 1981 plaintiffs filed a complaint against defendants in an Ohio state court alleging that some time after June 28, 1980 defendants caused to be published libelous and defamatory matter about the plaintiffs. Defendants were served with copies of the summons and complaint on July 7, 1981 by registered mail delivered to defendants' addresses in New York. On August 3, 1981 defendants removed the case to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1441. On August 7, 1981 defendants moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

On September 9, 1981, Judge Leroy J. Contie, Jr. granted defendants' motion to dismiss, holding that defendants' act of answering a telephone call in California and speaking to a radio station employee in Ohio was insufficient contact to support Ohio's assertion of personal jurisdiction over the defendants. On September 21, 1981 plaintiffs filed a motion to alter or amend Judge Contie's judgment, and on September 30, 1981 Judge Contie vacated his judgment dismissing the action and ordered the case transferred to this court. On July 9, 1982 the clerk of this court issued a "supplemental summons." The summons and complaint were then served on the defendants.

Judge Contie transferred the case pursuant to 28 U.S.C. § 1406(a), which reads "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

After such a transfer this court applies the choice of law rules of the state in which it sits, namely, New York. Under New York law a claim accruing outside the state is barred by the statute of limitations of either New York or the state of injury, whichever is shorter. New York Civil Practice Law § 202. Both New York and Ohio have a one year statute of limitation for libel actions. New York Civil Practice Law § 215; Ohio Revised Code Annotated § 2305. Under New York Civil Practice Law § 203, the New York statute of limitations is tolled by service of the summons. Under Ohio Revised Rules of Civil Procedure 3(a), the Ohio statute of limitations is tolled by the filing of the complaint as long as service occurs within a year of filing.

According to the affidavit of defendant Baird, some time between June 28, 1980 and June 30, 1980 while he was in the state of California, he was contacted by telephone by a Nick Anthony, an employee of radio station WHLO in Akron, Ohio. Defendant Baird engaged in conversation with Anthony and answered a number of his questions. Plaintiff contends that the defamatory broadcast occurred "on or after" July 1, 1980, and therefore urges that the action is timely having been filed in the Ohio state court on June 30, 1981.

In transferred actions based on federal law, the statute of limitations is

tolled when the complaint is filed with the transferor court. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In diversity actions, however, it is state law that determines when an action is commenced so as to toll the statute. *Walker v. Armco Steel,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). It is true that one purpose of 28 U.S.C. § 1406(a) was to prevent the time-barring of suits timely brought in the wrong district, as noted in the diversity case of *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir. 1978). But that case's contemplation of tolling may be explained by the fact that before the *Walker* case, it was thought in this circuit that filing of a complaint commenced diversity cases for limitations purposes. Since New York law governs and the New York statute of limitations is tolled only by service of the complaint, the service on July 7, 1981 was not timely, even assuming the case, by reason of the transfer, were deemed commenced in New York. Plaintiff has not "set forth specific facts" raising an issue as to whether there was a publication as late as July 7, 1980. F.R.C.P. 56(e).

The motion to dismiss is granted, and the complaint is dismissed. So ordered.