802 F.2d 1467
 256 U.S.App.D.C. 73
 Donald W. SHARON, Chairman Florida Tribe of Eastern Creek
Indians, Petitioner,
v.
UNITED STATES of America and U.S. Department of Interior,
Bureau of Indian Affairs, et al., Respondents.
 No. 85-1752.
 United States Court of Appeals,
District of Columbia Circuit.
 Oct. 3, 1986.
 
 Petition for Review of an Order of the U.S. Department of the interior.
 Edward J. Shawaker, Washington, D.C., was on respondents' motion to dismiss for lack of jurisdiction.
 Richard G. Gay, Washington, D.C., and Mary M. Callaway, Pensacola, Fla., were on the opposition.
 On Motion to Dismiss for Lack of Jurisdiction
 Before WALD, Chief Judge, and STARR and BUCKLEY, Circuit Judges.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 This case raises a single question concerning this court's jurisdiction to review a decision by the Board of Indian Appeals of the Department of the Interior. That decision determined the entitlement to funds by the Florida Tribe of Eastern Creek Indians. Sharon, Chairman of the Florida Tribe of Eastern Creek Indians, filed the petition for review. Respondents have moved to dismiss the petition for want of jurisdiction, contending that "no statute [gives] this court direct jurisdiction to review." Motion to Dismiss at 1 (emphasis added).
 
 
 2
 We agree. Jurisdiction does not lie in this court, and thus the petition for review was improperly filed here. It is equally clear, however, that jurisdiction over such claims lies in the United States District Courts. It has expressly been held that the district courts are vested with power to grant relief in such matters under the general federal question jurisdiction statute, 28 U.S.C. 1331 (1982). See Runs After v. United States, 766 F.2d 347, 351 (8th Cir.1985). We agree. Indeed, only recently we had occasion to review a decision of the district court upholding action by the Board of Indian Appeals and the Department of the Interior. Wichita and Affiliated Tribes of Oklahoma v. Hodel, 788 F.2d 765 (D.C.Cir.1986).
 
 
 3
 Inasmuch as no statute specifically precludes review, the district court enjoys jurisdiction to review Sharon's appeal from the decision of the Board of Indian Appeals under the APA and section 1331. Cf. Robbins v. Reagan, 780 F.2d 37, 42-43 (D.C.Cir.1985) (noting that, while the APA does not create federal subject matter jurisdiction, there is jurisdiction under 28 U.S.C. Sec. 1331 to review action by the Department of Health and Human Services under the APA).
 
 
 4
 Although we lack jurisdiction over the case, we have been directed by Congress to transfer such a case "in the interest of justice ... to any other such court in which the action ... could have been brought." 28 U.S.C. Sec. 1631 (1982). See Hill v. U.S. Air Force, 795 F.2d 1067, 1070-71 (D.C.Cir.1986) (citing Center for Nuclear Responsibility v. USNRC, 781 F.2d 935, 943 (D.C.Cir.1986) (Ginsburg, J., dissenting), and Ingersoll-Rand Co. v. United States, 780 F.2d 74, 80 (D.C.Cir.1985)). Transfer is warranted when it "would aid litigants who were confused about the proper forum for review." American Beef Packers, Inc. v. ICC, 711 F.2d 388, 390 (D.C.Cir.1983). That, we are satisfied, is the case here. Cf. Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75 n. 23 (D.C.Cir.1984) (discussing confusion over the proper forum for appealing agency action).
 
 
 5
 We therefore deny the motion to dismiss and transfer the case sua sponte to the United States District Court for the District of Columbia.
 
 
 6
 It is so ordered.