**Luise M. ROSS, as Administratrix of the Goods, Chattels and Credits of Sonya C. Ross, Deceased, Appellant,**

v.

**COLORADO OUTWARD BOUND SCHOOL, INC., Appellee.**

No. 86–2082.

United States Court of Appeals, Tenth Circuit.

July 13, 1987.

Rehearing Denied Sept. 14, 1987.

Stuart Mann (Clifford L. Beem, on the brief), Clifford L. Beem & Associates, Denver, Colo., for appellant.

Douglas I. McQuiston and John E. Taylor, Denver, Colo., for appellee.

Before LOGAN, BARRETT and TIMBERS,[*] Circuit Judges.

TIMBERS, Circuit Judge.

Luise M. Ross ("appellant") appeals from a summary judgment entered June 23, 1986 in the District of Colorado, Richard P. Matsch, *District Judge,* in favor of Colorado Outward Bound School, Inc. ("appellee"), dismissing a wrongful death action brought by appellant as administratrix of the estate of her deceased daughter, Sonya C. Ross. The court dismissed the action on the ground that it was time barred by the two year statute of limitations provided for in the Colorado Wrongful Death Act, *Colo. Rev.Stat.* 13–21–201—13–21–204 (1973 & 1985 Cum.Supp.). For the reasons stated below, we reverse and remand the case for further proceedings consistent with this opinion.

## I.

We summarize only those facts believed necessary to an understanding of the issue raised on appeal.

On July 22, 1977, Sonya C. Ross, then twenty years of age, died in a mountain climbing accident in the San Juan Mountains in southwestern Colorado. At the time Sonya, a New York resident, was a student at the Colorado Outward Bound School. The school is a Colorado nonprofit corporation which teaches wilderness experience.

Appellant, decedent's mother and a New York resident, was appointed administratrix of Sonya's estate. On April 13, 1978 appellant commenced a wrongful death action against the school in a New York state court. Appellant alleged in her complaint that the death of her daughter was caused by appellee's negligence.

On May 26, 1978 the case was removed by appellee to the United States District Court for the Western District of New York, there being diversity of citizenship between appellant and appellee. On December 14, 1978 appellee moved in the New York district court to dismiss the action for lack of personal jurisdiction, among other grounds asserted. On February 22, 1985— more than six years after the motion was filed—the district court filed an opinion holding that it lacked personal jurisdiction over appellee. Rather than dismissing the action, however, the court ordered that it be transferred to the United States District

---

[*] Of the Second Circuit, by designation.

Court for the District of Colorado, pursuant to 28 U.S.C. § 1406(a) (1982).[1]

Appellee moved in the Colorado district court for summary judgment on the ground that Colorado law governed the case and, pursuant to the appropriate Colorado statute, appellant's action was time barred. Specifically, appellee urged that the Colorado Wrongful Death Act controlled, including the requirement of § 13–21–204 that an action be commenced within two years of the alleged negligence resulting in death. Appellee reasoned that, since no formal complaint had ever been filed in Colorado, the right to commence an action in Colorado had been forfeited by appellant. Appellant responded by contending that New York law applied. The district judge correctly held, under Colorado's choice of law rule, that Colorado law applied.

In its opinion the district court, noting that no formal complaint had ever been filed in a Colorado court, treated the date the case was transferred from the New York district court to the Colorado district court as the filing date under the Colorado Wrongful Death Act. Since Sonya's death occurred on July 22, 1977 and the case was not transferred or "filed" until February 22, 1985, the court held that the action was time barred by the two year statute of limitations. The court held, further, that the filing in New York did not cure the failure to timely file in Colorado. It indicated that the appropriate course for the New York district court to have taken would have been to dismiss, rather than transfer, the action. Accordingly, the Colorado district court granted the motion for summary judgment and dismissed the action. This appeal followed.

On appeal, appellant argues that the timely filing in, by removing to, the New York district court tolled the running of the statute of limitations provided for in the Colorado Wrongful Death Act.

We hold that the proper vehicle for the transfer of this action was 28 U.S.C. § 1631 (1982). That statute requires that when, in the interest of justice, an action is transferred from one federal court to another federal court to cure want of jurisdiction, the action shall proceed as if it had been filed in the transferee court on the date upon which it was actually filed in the transferor court. The instant action was removed to the New York district court on May 26, 1978. Treating that date, as we must, as the filing date in the Colorado district court, we hold that the instant action was timely commenced under the Colorado Wrongful Death Act.

## II.

In the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 301(a), 96 Stat. 25, 55 (1982), Congress gave broad authority to permit the transfer of an action between any two federal courts. 28 U.S.C. § 1631 controls the action of a federal court when it finds that it lacks jurisdiction but that another federal court has jurisdiction. That section is entitled "Transfer to cure want of jurisdiction" and provides:

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was

---

1. Section 1406(a) requires a court in which a case has been filed laying venue in the wrong division or district to dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought. On the facts of this case, we construe the transfer for lack of personal jurisdiction to

be in the interest of justice. In any event we do not read the statute to require the talismanic incantation of the "interest of justice" phrase. Clearly, the entire thrust of the New York district court's analysis was that the interest of justice would be served by transfer.

actually filed in or noticed for the court from which it is transferred."

(Added by Pub.L. 97–164, Title III, § 301(a), Apr. 2, 1982, 96 Stat. 55.)

In harmony with the intent of Congress, this section has been broadly construed since its enactment. *E.g., In re McCauley,* 814 F.2d 1350 (9th Cir.1987) (bankruptcy appeal; district court dismissed case, noting proper jurisdiction in court of appeals; court of appeals deemed case transferred to it); *Sharon v. United States,* 802 F.2d 1467 (D.C.Cir.1986) (Board of Indian appeals; court of appeals lacked jurisdiction; sua sponte transferred case to district court); *ben-Shalom v. Secretary of Army,* 807 F.2d 982 (Fed.Cir.1986) (Court of Appeals for Federal Circuit transferred case to Court of Appeals for Seventh Circuit); *Dobard v. Johnson,* 749 F.2d 1503 (11th Cir.1985) (habeas petition transferred from District Court for Northern District of Alabama to District Court for Southern District of Alabama); *In re Exclusive Industries Corp.,* 751 F.2d 806 (5th Cir.1985) (bankruptcy appeal; court of appeals transferred to district court); *Middlebrooks v. Smith,* 735 F.2d 431 (11th Cir.1984) (habeas petition transferred from Alabama to Mississippi).

In the instant case, the New York district court correctly held that it lacked personal jurisdiction over appellee. Likewise, it correctly recognized that the District of Colorado was the proper district in which the action originally could have been commenced pursuant to 28 U.S.C. § 1391(b) (1982). It transferred the action pursuant to § 1406(a), while stating in a footnote that in any event it would have granted appellee's motion to transfer for the convenience of the parties pursuant to 28 U.S.C. § 1404(a) (1982). The correct course, however, since the enactment on October 1, 1982 of § 1631 was to transfer the action pursuant to that section.

Prior to that date, in determining whether the laws of the transferor or the transferee state applied in diversity cases transferred from one state to another, it was necessary to distinguish between cases transferred under § 1404(a) and cases transferred under § 1406(a)—an often difficult task. In the former, the law of the transferor state was applied. *E.g., Van Dusen v. Barrack,* 376 U.S. 612 (1964). In the latter, the law of the transferee state was applied. *E.g., Martin v. Stokes,* 623 F.2d 469 (6th Cir.1980), and cases cited therein. Although read closely, the language of § 1406(a) appears to apply only to those cases transferred for lack of proper venue, the statute has been construed in an extraordinarily broad manner; courts have held that actions commenced in a district court where venue is proper but where personal jurisdiction is lacking may be transferred to a proper forum. *E.g., Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir. 1967); *Dubin v. United States,* 380 F.2d 813 (5th Cir.1967). Indeed, the New York district court in the instant case, in reliance on *Corke v. Sameit M.S. Song of Norway,* 572 F.2d 77 (2d Cir.1978), transferred the instant case to the District of Colorado pursuant to § 1406(a), even though venue was proper in New York.

The enactment on October 1, 1982 of § 1631, specifically designed for cases transferred from one federal court to another for lack of jurisdiction, served to simplify the process and streamline its application. By statute, courts now know *what* law to apply and, more importantly in view of the facts of this case, *when* that law applies.

We hold that § 1631 requires that the Colorado district court apply Colorado law; that it accept the date on which the action was removed to the New York district court as the filing date in the Colorado district court; and that the action shall proceed in the Colorado district court as not time barred by the two year statute of limitations provision of the Colorado Wrongful Death Act.

### III.

To summarize:

We reverse the judgment of the district court and remand the action for further proceedings consistent with this opinion. Pursuant to 28 U.S.C. § 1631, the Colorado district court must accept the date on

which this action was removed to the New York district court as the filing date in the Colorado district court. Since the action was removed to the New York district court on May 26, 1978, well within the two year statute of limitations period provided for in the Colorado Wrongful Death Act, we hold that the action was timely filed in the Colorado district court.

REVERSED and REMANDED.