Sophie LEVY and Edgar
Levy, Plaintiffs,

v.

PYRAMID COMPANY OF
ITHACA, Defendant.

No. 87–CV–453.

United States District Court,
N.D. New York.

June 2, 1988.

Blumenthal Carpenter & Berkantz, Washington, D.C. (Paul Blumenthal, of counsel), Birnbaum & Rojas, Syracuse, N.Y. (Irwin Birnbaum, of counsel), for plaintiffs.

Costello Cooney & Fearon, Syracuse, N.Y. (Robert J. Smith, of counsel), for defendant.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Presently before the court is a motion by defendant, Pyramid Company of Ithaca ("Pyramid"), to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). In particular, Pyramid is claiming that action is time barred by the applicable statute of limitations.[1] For the reasons set forth herein, defendant's motion is granted and the complaint is hereby dismissed.

1. Although Pyramid moved for dismissal under Fed.R.Civ.P. 12(b), both parties relied upon matters outside the pleadings. Therefore, as provided for in Rule 12(b), the court converted this motion to one for summary judgment pursuant to Fed.R.Civ.P. 56, and the parties were so advised.

## BACKGROUND

This action arises out of a personal injury sustained by plaintiff, Sophie Levy, a Maryland resident, in New York on October 19, 1983. The action was originally commenced on October 17, 1986, by filing of the complaint in the district court of Maryland. Pyramid was not served until November 17, 1986.

On April 8, 1987, the Maryland district court granted Pyramid's motion to dismiss for lack of personal jurisdiction. April 10, 1987 Maryland District Court Order and Memorandum. When the Maryland district court granted that motion, it was under the "mistaken impression that plaintiffs had not responded to the motion to dismiss." *Id.* After being advised that the plaintiffs did respond, the court withdrew its earlier order, and granted plaintiffs' motion to transfer. *Id.* Significantly, plaintiffs conceded lack of personal jurisdiction over Pyramid. *Id.* The Maryland district court did not, however, specify any statutory basis for the transfer.

Primarily because plaintiffs' counsel did not appear to oppose Pyramid's motion to amend its answer to include the affirmative defense of statute of limitations, on December 11, 1987, this court granted that motion. Pyramid amended its answer accordingly.

## DISCUSSION

In actions created by federal law, the statute of limitations is tolled when the complaint is filed. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed. 2d 39 (1962). In diversity actions, such as the present one, however, it is state law and not federal law which determines when an action is commenced so as to toll the statute of limitations. *Walker v. Armco Steel,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed. 2d 659 (1980). Under New York law, an action is not commenced for statute of limitations purposes until "the summons is served upon the defendant;" N.Y.Civ.

Prac.Law and Rule section 304 (McKinney 1972), whereas in Maryland an action is commenced simply by filing a complaint with the court. Maryland Rules of Procedure 2–101. New York law provides, however, for a sixty (60) day extension of the statute of limitations when the summons is delivered to the sheriff or filed with the appropriate county clerk, in certain circumstances. N.Y.Civ.Prac.L. & R. section 203(b)(5) (McKinney Supp.1988). Here, the complaint was timely filed in the Maryland district court, but Pyramid was not served until 29 days after the expiration of the three year statute of limitations.[2]

Relying upon New York law, Pyramid contends that because it was not served within the applicable statute of limitations, this action is time barred. Pyramid further contends that plaintiffs are not entitled to the sixty (60) day extension because that extension only operates if the complaint is filed with the district court in the county where the accident occurred, or in the county where it can reasonably be expected that the defendant resides or is doing business. And here Pyramid is not a resident of, nor does it do business in, the county where the Maryland district court is located.

Based upon Maryland law, plaintiffs counter that this action is not time barred because the complaint was filed before the statute of limitations had expired, which is all that is required in Maryland. Alternatively, plaintiffs contend that even if New York law governs, they are entitled to the benefit of the sixty day extension because of the broad interpretation New York courts have given to that rule. Therefore, the threshold issue is which law governs— New York or Maryland. Once that issue is resolved, and if New York law is found to govern, the court must then consider the secondary issue of whether these plaintiffs are entitled to a sixty day extension under N.Y.Civ.Prac.L. & R. section 203(b)(5).

The issue of which law applies in the present case is complicated by the fact that

---

**2.** The statute of limitations for personal injury actions is three years from the date the cause of action accrued in both New York and Maryland. Section 5–101 Courts & Judicial Proceedings Article of the Maryland Anno.Code; N.Y.Civ. Prac.L. & R. section 214(5) (McKinney Supp. 1988).

this action was originally commenced in the Maryland district court, and then transferred here. Some courts have decided which law applies in a transferred action by looking at the statutory basis for the transfer. *See, Martin v. Stokes,* 623 F.2d 469, 473 (6th Cir.1980); *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1109–10 (5th Cir.1981). Therefore, the Maryland district court's failure to specify the basis for the transfer caused much speculation by the parties as to the statutory authority for that transfer.

There are three statutes upon which the Maryland district court arguably could have relied to transfer this action. One possibility, which both parties suggested at one time or another, is 28 U.S.C. section 1631. Section 1631 provides, in relevant part:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and *the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.*

28 U.S.C. section 1631 (West Supp.1987) (emphasis added). Even though that statute can be interpreted to apply to cases such as the present one where personal jurisdiction is lacking in the transferee court, the legislative history does not support such an interpretation. The legislative history makes clear that that statute was only intended to apply to cases in which the transferror court lacks *subject matter* jurisdiction. Specifically, the legislative history states:

> In recent years much confusion has been engendered by provisions of existing law that leave unclear which of two

or more federal courts including courts at both the trial and appellate level— have *subject matter jurisdiction* over certain categories of civil actions.

S.Rep. No. 97–275, 97th Cong., 2d Sess. 11, *reprinted in* 1982 U.S.Code Cong. & Admin.News 11, 21 (emphasis added). The legislative history further provides:

> Section 301 adds a new chapter to title 28 that would authorize the court in which a case is improperly filed to transfer it to a court where *subject matter jurisdiction* is proper.

*Id.,* 1982 U.S.Code Cong. & Admin.News at 40 (emphasis added).

Furthermore, the majority of cases relying upon section 1631 to transfer cases have done so as a result of legislation expressly granting subject matter jurisdiction to particular federal courts. *See, e.g., In re McCauley,* 814 F.2d 1350 (9th Cir. 1987) (Appellants improperly filed an appeal of a decision of a district court sitting in bankruptcy with the district court. The appeal was dismissed for lack of subject matter jurisdiction, but the Court of Appeals deemed the appeal transferred to it pursuant to section 1631.); *Sharon v. United States,* 802 F.2d 1467 (D.C.Cir.1986) (Court of Appeals transferred case *sua sponte* to district court because former lacked subject matter jurisdiction to review a decision by the Board of Indian Appeals.); *ben-Shalom v. Secretary of Army,* 807 F.2d 982 (Fed.Cir.1986) (Court of Appeals for Federal Circuit transferred case to Court of Appeals for Seventh Circuit); *In re Exclusive Industries Corp.,* 751 F.2d 806 (5th Cir.1985) (Court of Appeals lacked jurisdiction to hear direct appeal from bankruptcy judge's decision, so Court of Appeals transferred the action to the appropriate district court under section 1631.).[3] Thus, because this case was not transferred to cure a lack of subject matter jurisdiction, the court is not persuaded that the Maryland district court intended this

---

**3.** The court recognizes that in *Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d 1524 (10th Cir.1987), the court held that where the transferror court lacks personal jurisdiction, the transfer should be made pursuant to 28 U.S.C. section 1631. In the court's opinion, however, the *Ross* decision is untenable in light of the explicit legislative history. Thus, the court declines to follow the Tenth Circuit in that regard.

action to be transferred pursuant to section 1631.

■ Moreover, the plaintiffs' motion papers seeking such transfer specifically state that they were relying upon 28 U.S.C. sections 1404(a) [4] and/or 1406(a) [5], commonly referred to as the venue statutes. Accordingly, the court is convinced that this action was transferred based upon those venue statutes, and consequently the cases construing those statutes are applicable here.

In *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 804, 11 L.Ed.2d 945 (1964), the Supreme Court held that if a case is transferred pursuant to 28 U.S.C. section 1404(a), the transferee court should apply the law of the transferror forum. The underlying rationale for that decision was that defendants might transform section 1404 into a forum shopping device, obtaining a "change of law as a bonus for a change of venue." *Id.* at 635, 84 S.Ct. at 818. The *Van Dusen* Court, however, expressly left open the issue of whether the same rationale applies when plaintiffs seek a transfer under section 1404. *Id.* at 639–40, 84 S.Ct. at 821.

Several commentators have suggested that a logical interpretation of that issue left unanswered by the *Van Dusen* Court is that the law of the transferee state should apply when the plaintiff moves to transfer. *Smith v. Morris & Manning,* 657 F.Supp. 180, 182 (S.D.N.Y.1987) and citations therein. Otherwise, the same forum shopping concerns expressed by the Supreme Court in *Van Dusen* would exist. That is, plaintiffs would be allowed to forum shop by filing actions in courts where the law is more favorable to them, and then transfer the action and that favorable law, along with them. *See Davis v. Costa–Gavras,* 580 F.Supp. 1082, 1086 (S.D.N.Y.1984) (citations omitted).

To remove the incentive to forum shop, several circuits have held that the *Van Dusen* rule "applies only if the action could have been maintained in the original forum." *Id.* (citations omitted). (Unfortunately, the Second Circuit has not yet had occasion to address that issue.) By qualifying the *Van Dusen* rule, the same forum shopping concerns are served. *Id.* (citation omitted). Courts which have recognized the exception to the *Van Dusen* rule have also reasoned:

> [W]hen a transferror court has not ruled on the propriety of venue or jurisdiction, the transferee court must determine whether venue and jurisdiction would have been proper in the transferror court in order to decide which forum state's law will apply under *Erie.*

*Id.* (citations omitted). If the determination is made that venue and jurisdiction is not proper in the transferror court, the law of the transferee court will then apply. *Id.* at 1086–87. *See also, Nose v. Rementer,* 610 F.Supp. 191, 192 (D.C.Del.1985) ("It is also clear that when a transfer is made because a court lacks personal jurisdiction over the defendants that the law of the transferee forum becomes the law applicable to the case.") Thus, in *Davis,* because venue was improper in the transferror court, and because personal jurisdiction was also lacking in that court, the court applied New York law—the law of the transferee forum. *Id.* at 1086–87.

*Davis* is a soundly reasoned decision in the court's opinion. But because courts have recognized that at least one purpose of the venue statutes is to prevent actions from being time barred, which were brought in the wrong district, *Davis* cannot be read in isolation. *See, e.g., Goldlawr v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed. 2d 39 (1962) (Congress, by the enactment of section 1406, recognized the need for procedural reform and that the "interest of justice" may require that the complaint be

---

**4.** 28 U.S.C. section 1404(a) provides:
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. section 1404(a) (West 1976).

**5.** 28 U.S.C. section 1406(a) states:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. section 1406(a) (West 1976).

transferred and not dismissed to avoid penalizing the plaintiff for "time consuming and justice-defeating technicalities."); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir.1978). It is possible, however, to reconcile those cases with the result reached by the *Davis* court. Both *Goldlawr* and *Corke* were decided prior to the Supreme Court's decision in *Walker*, where, as previously mentioned, the Court held that in diversity actions state law determines when an action is commenced for purposes of tolling the statute of limitations. Thus, when those cases were decided, the courts were contemplating that filing of a complaint commenced diversity cases for statute of limitations purposes, which is obviously no longer so after *Walker*. *People Expressing A Concern For Everyone v. Baird*, 563 F.Supp. 1257, 1259 (E.D.N.Y.1983).

Applying the rules set forth above to the present case, the court concludes that New York law is controlling. Although the transferror court did not expressly rule on whether venue and jurisdiction were proper in that court, it did note in its transfer order that plaintiffs "concede[d]" lack of personal jurisdiction; and, in fact, originally the Maryland district court dismissed this action for lack of personal jurisdiction. Obviously then because personal jurisdiction was not proper in the transferror court, the law of this court—the transferee court should apply with respect to the issue of when this action was commenced for statute of limitations purposes.

Under N.Y.Civ.Prac.L. & R. section 304 an action is commenced by service of a summons. N.Y.Civ.Prac.L. & R. section 304 (McKinney 1972). According to that statue, this action was not commenced until November 16, 1986, when Pyramid was served. Plainly that is beyond the three year statute of limitations, which ran on October 19, 1986. Plaintiffs nonetheless contend that this action is not time barred because of the sixty day extension afforded under N.Y.Civ.Prac.L. & R. section 203(b)(5). That section declares, in part:

> A claim asserted in the complaint is interposed against the defendant ... when: The summons is delivered to the sheriff of that county outside the city of New York ... in which the defendant resides, is employed or is doing business or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose; or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose; ....

N.Y.Civ.Prac.L. & R. section 203(b)(5) (McKinney Supp.1988).

As Pyramid correctly points out, though, that statute has not been interpreted to allow plaintiffs the benefits thereunder *unless* the complaint is filed with the district court clerk located in the county where the defendant resides, is employed or is doing business, etc. In *Gold v. Jeep Corp.*, 579 F.Supp. 256 (E.D.N.Y.1984), for example, Judge Altimari held:

> [S]ervice of the summons upon the Clerk of *this* Court is equivalent to service upon the county clerk of the several counties within *this* district, ....

*Id.* at 258. *Accord, Florence v. Krasucki*, 533 F.Supp. 1047 (W.D.N.Y.1982); *Somas v. Great American Insurance Co.*, 501 F.Supp. 96 (S.D.N.Y.1980); *Zarcone v. Condie*, 62 F.R.D. 563 (S.D.N.Y.1974) and *Nola Electric Co. v. Reilly*, 93 F.Supp. 164 (S.D.N.Y.1948), *cert. denied sub nom. Reilly v. Goddard*, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685 (1951). Here, Pyramid does not reside in Maryland; nor does it do business there. In addition, the cause of action did not arise there. Plaintiffs are therefore not entitled to the benefit of section 203(b)(5). Consequently, because plaintiffs did not timely serve Pyramid, their action is barred by the statute of limitations.

Accordingly, the court hereby grants Pyramid's motion for summary judgment and dismisses the complaint in its entirety.

IT IS SO ORDERED.