908 F.2d 966
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard BRILL, Plaintiff-Appellant,
v.
Harvey R. BROWN, Defendant-Appellee.
 No. 89-2825.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 30, 1990.
Decided: June 21, 1990.
As Amended July 2, 1990.
Rehearing Denied July 17, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (C/A No. 89-1484-S).
 Richard Brill, appellant pro se.
 Harvey R. Brown, appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Brill, a Maryland resident, brought this breach of contract and fraud action against Harvey T. Brown, a New York resident, in the United States District Court for the District of Maryland. Brill alleged that Brown, his former attorney, had not adequately represented him in a lawsuit in New York. Brown did not timely file an answer to the complaint, and Brill moved for default judgment. Brown moved to dismiss the action for lack of in personam jurisdiction.
 
 
 2
 Brill sent a letter to the district court in which he suggested that the case be "transferred to the federal court in White Plains, New York." The district court construed the letter as a motion to transfer the case and granted the motion pursuant to 28 U.S.C. Secs. 1404(a) and 1631. The court also cited Ross v. Colorado Outward Bound School, Inc., 822 F.2d 1524 (10th Cir.1987), a case involving dismissal for lack of personal jurisdiction under 28 U.S.C. Sec. 1631, in its marginal order granting the motion to transfer the case. Brill appealed the transfer, contending that he did not intend for his letter to be construed as a motion to transfer, and that at most the letter contained a conditional motion to transfer the action. Brill also moved in this Court for stay of the action in the New York district court. Brown moved to dismiss the appeal for lack of jurisdiction.
 
 
 3
 Brown's motion to dismiss the appeal for lack of jurisdiction is denied, as is his motion to stay the briefing schedule pending ruling on the motion to dismiss. The district court transferred the action "pursuant to 28 U.S.C. Secs. 1404(a) and 1631." Because the district court cited Ross v. Colorado Outward Bound School, Inc., 822 F.2d 1524 (10th Cir.1987), however, we construe the transfer as one for lack of personal jurisdiction under 28 U.S.C. Sec. 1631, which is immediately appealable, rather than as a transfer for the convenience of the parties under 28 U.S.C. Sec. 1404(a), which would not be appealable. See Gower v. Lehman, 799 F.2d 925, 927 (4th Cir.1986); Elliott Machine Corp. v. Modern Welding Co., 502 F.2d 178, 180 (4th Cir.1974). Therefore, the Court has jurisdiction over the appeal.
 
 
 4
 Although the Court has jurisdiction, the appeal lacks merit. In his letter to the court, Brill suggested that the appeal should be transferred. A party cannot appeal from an order entered with his consent unless he establishes facts to nullify his consent. Thonen v. Jenkins, 455 F.2d 977 (4th Cir.1972). Brill's contention that the letter was not intended as a motion to transfer is not sufficient to establish a lack of consent to the transfer, particularly when the language of his letter so clearly stated that he would be amenable to a transfer.
 
 
 5
 Therefore, we affirm the district court's order transferring the case to New York. Brill's motion for a stay of the proceedings in the district court is dismissed as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 AFFIRMED