UNITED STATES of America, Plaintiff,

v.

AMERICAN RIVER TRANSPORTATION, INC., and Unknown Barge Owner, In Personam, and M/V SARAH E. KLU-SAK and BARGE DC408 In Rem, Defendants.

No. 92–1472.

United States District Court,
C.D. Illinois.

Sept. 1, 1993.

Gerard A. Brost, Asst. U.S. Atty., Peoria, IL, for plaintiff.

Gary T. Sacks, St. Louis, MO, for defendants.

## ORDER

MIHM, Chief Judge.

Pending before the Court is Plaintiff's Motion to Reconsider Under Rule 59 of the Federal Rules of Civil Procedure (# 22), Plaintiff's Motion for Leave to File [Amended Complaint] Instanter (# 25), Claimant's Motion for Sanctions (# 28), and Plaintiff's Motion for Withdrawal [of] Motion for Leave to File Instanter (# 31). For the reasons set forth below, Plaintiff's Motion for Reconsideration is denied; Plaintiff's Motion for Leave to File Instanter is moot; Claimant's Motion for Sanctions is denied; and Plaintiff's Motion for Withdrawal is granted.

## BACKGROUND

The pending litigation stems from an incident alleged to have occurred on November 7, 1989, when Barge DC408 in tow of the M/V Sarah E. Klusak ("Klusak") collided with Upper Mississippi River Lock and Dam No. 21 at Quincy, Illinois, thus causing damages to said Lock and Dam. On October 26, 1992, almost three years later, the government filed suit against American River Transportation Company, Inc. ("ARTCO") and an "Unknown Barge Owner" in personam and the M/V Sarah E. Klusak and Barge DC408 in rem for the damages alleged to have occurred. ARTCO filed an answer which denied the pertinent allegations of the Complaint. Archer Daniels Midland Company ("ADM") then filed a claim to the Klusak as its owner, and a Motion to Dismiss the Klusak for lack of in rem jurisdiction. The Unknown Barge Owner and Barge DC408 have not appeared. The United States subsequently filed a Motion to Transfer the case to the Eastern District of Louisiana under 28 U.S.C. 1404(a) or 28 U.S.C. 1406(a). On May 26, 1993, the Court granted Claimant's Motion to Dismiss the Klusak, denied the United States' Motion to Transfer, and granted the United States 21 days to file an Amended Complaint. Shortly thereafter, an agreed order was entered which dismissed ARTCO with prejudice.

On June 8, 1993, Plaintiff filed a Motion for Reconsideration. Although Plaintiff's Amended Complaint was due on June 16, 1993, Plaintiff did not submit an Amended Complaint until June 25, 1993, in conjunction with a Motion for Leave to File Instanter. This proposed Complaint added ADM as a Defendant. On July 5, 1993, ADM filed a Motion for Sanctions in response to Plaintiff's Motion to File Instanter. On July 14, 1993, Plaintiff filed a Motion to Withdraw the Amended Complaint.

On July 29, 1993, ADM filed amended answers to interrogatories which indicated that the Klusak was sold to Tolen Marine, Inc. subsequent to March 12, 1993 and that the vessel's present location is unknown. Plaintiff's Amended Reply to ADM's opposition to the Motion to Reconsider states that the vessel was sold again on May 19, 1993 to Plaquemine Towing, Inc. and is currently located in the town of Plaquemine, Louisiana, which is within the Middle District of Louisiana.

## DISCUSSION

In light of ADM's amended answers, Plaintiff suggests that ADM no longer has standing to challenge the transfer of this case to Louisiana. It has requested that the case be transferred pursuant to 28 U.S.C. § 1631 to the Middle District of Louisiana rather than the Eastern District as originally requested. Plaintiff also requests 45 days from the entry of this order in which to serve the Klusak.

ADM's standing or lack thereof does not affect whether this Court has jurisdiction to transfer this case. Even if the Court assumes ADM has no standing to object, the Court has a duty to act in accordance with jurisdictional law. The Court's ability to transfer the case to Louisiana will be discussed below in the context of the application of 28 U.S.C. § 1631 and pertinent maritime law.

*Plaintiff's Motion to Reconsider under Rule 59 (# 22).*

The Court agrees with ADM that the Motion to Reconsider is not properly brought under 59(e), which states:

> Motion to Alter or Amend. A motion to alter or amend *the judgment* shall be served not later than 10 days after entry of the judgment. (Emphasis added).

There was clearly no judgment entered in this case which could be altered or amended. Therefore, the Court will consider this as a Motion to Reconsider this Court's Order.

This Motion correctly summarizes the Court's determination that it did not have *in rem* jurisdiction over the Klusak and therefore was without authority to transfer this action to the Eastern District of Louisiana pursuant to 28 U.S.C. 1404(a) and 28 U.S.C. 1406(a). *See* this Court's Order of May 26, 1993. Plaintiff now moves this Court to reconsider the dismissal of this action as to the Klusak in light of 28 U.S.C. § 1631, entitled "Transfer to Cure Want of Jurisdiction." This provision states:

> Whenever a civil action is filed in a court as defined in § 610 of this Title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Plaintiff argues that this provision applies to the instant case because (1) this Court has determined that it does not have jurisdiction over the Klusak; (2) the Klusak has been in Louisiana since the filing of the Complaint so that an *in rem* action could have originally been brought in the Eastern District of Louisiana; and (3) since the statute of limitations would bar the government from refiling this action against the Klusak, a transfer of this action instead of dismissal would be "in the interest of justice." *See Hempstead County and Nevada County Project v. United States Environmental Protection Agency,* 700 F.2d 459 (8th Cir.1983); *Scotch Whisky Association v. Majestic Distilling Company, Inc.,* 681 F.Supp. 1297, 1308 (N.D.Ill.1988).

ADM responds that 28 U.S.C. § 1631 is inapplicable to the instant case because it only refers to circumstances in which a court lacks *subject matter* jurisdiction, not *in rem* jurisdiction. ADM refers to the legislative history of this Act, known as "The Federal Courts Improvement Act" in which the Congressional Record states:

> Section 301 adds a new chapter to Title 28, that would authorize the court in which a case is improperly filed to transfer it to a court where *subject matter* is proper. (Emphasis added).

> \* \* \* \* \* \*

> In recent years much confusion has been engendered by the provisions of existing law that leave unclear which of two or more federal courts, including courts at both trial and appellate level—have *subject matter jurisdiction* over certain categories of civil actions. (Emphasis added).

S.Rep. No. 97–275, 97th Cong., 2d Sess. 11, *reprinted in* 1982 U.S.Code Cong. & Admin.News, 11, 21, 40. *See also Levy v. Pyra-*

*mid Co. of Ithaca,* 687 F.Supp. 48 (N.D.N.Y. 1988), *aff'd* 871 F.2d 9 (2nd Cir.1989) in which the district court held that a transfer pursuant to 28 U.S.C. § 1631 only applied to cases in which the transferor court did not have *subject matter* jurisdiction. In *Levy,* the court declined to transfer the case because the jurisdiction lacking was personal jurisdiction over the party, not subject matter jurisdiction. Although the *Levy* court conceded that a literal interpretation of the statutory language could be interpreted to apply to cases where personal jurisdiction is lacking in the transferee court, "the legislative history does not support such an interpretation" because the legislative history only expressly discussed subject matter jurisdiction. Furthermore, the court reasoned that the majority of cases relying upon § 1631 did so as a result of want of subject matter jurisdiction. 687 F.Supp. at 51. *See also Mortensen v. Wheel Horse Products, Inc.,* 772 F.Supp. 85, 89 (N.D.N.Y.1991) ("§ 1631 applies only to a case where the transferor court lacks subject matter jurisdiction"). Because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and Fed.R.Civ.P. 9(h), Defendants argue that 28 U.S.C. § 1631 does not apply and Plaintiff's Motion to Reconsider should be denied.

Plaintiff acknowledges that there are cases which support ADM's position that § 1631 is narrowly applied only to cases in which the transferring court lacks subject matter jurisdiction. However, Plaintiff correctly notes that there is an alternative body of case law which states that courts may transfer actions under § 1631 even though the transferor court has subject matter jurisdiction. In *Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d 1524 (10th Cir.1987), the Tenth Circuit ruled that a transfer under § 1631 was appropriate when the transferor court lacked *in personam* jurisdiction over the defendant. In analyzing the purpose of § 1631, the Tenth Circuit concluded:

> In the Federal Courts Improvement Act of 1982 (citation omitted), Congress gave broad authority to permit the transfer of an action between any two federal courts. 28 U.S.C. § 1631 controls the action of a federal court when it finds that it lacks

jurisdiction but that another court has jurisdiction.

\* \* \* \* \* \*

> In harmony with the intent of Congress, this section [§ 1631] has been broadly construed since its enactment. (Citations omitted).

822 F.2d at 1526, 1527. *See also Jaffe v. Julien,* 754 F.Supp. 49, 53 (E.D.Pa.1991) (the plain language of § 1631 permits the transfer of a case for lack of personal jurisdiction); *Starline Optical Corp. v. Caldwell,* 598 F.Supp. 1023 (D.N.J.1984). Therefore, under a broad (and literal) interpretation of the word "jurisdiction", Plaintiff argues that this Court's lack of *in rem* jurisdiction is sufficient to transfer the case to the Eastern District of Louisiana under 28 U.S.C. § 1631.

The Court acknowledges that the legislative history discusses the purpose of this legislation in the context of subject matter jurisdiction and not other types of jurisdiction. This is only logical given the fact that the impetus for this legislation was the jurisdictional confusion caused by the creation of specialized federal courts, such as the Court of Claims, which have exclusive jurisdiction over certain matters. *See* Jeffrey Tayon, *The Federal Transfer Statute: 28 U.S.C. § 1631,* 29 S.Tex. Law Rev. 189, 200 (Oct. 1987). *See also Investment Co. Institute v. Board of Governors of the Federal Reserve System,* 551 F.2d 1270 (D.C.Cir.1977) in which the District of Columbia Circuit affirmed the district court which dismissed action seeking review of a recently promulgated Federal Reserve Board regulation on the basis that original jurisdiction had been exclusively vested by statute in the court of appeals. Thus, the first effort to draft this responsive legislation only proposed the authorization of a transfer between a district court and the Circuit Court of Appeals.

Judge Leventhal, a D.C. Circuit Judge who had presided in the *Investment Co. Institute* case, reviewed the proposed legislation and proposed a provision which provided broader solutions, i.e., a transfer between any two federal courts and language to cure a defect in venue as well as jurisdiction. 29 S.Tex. Law Rev. at 200. The fact that express

language referring to venue did not make it into the final provision has been construed as implied intent on the part of Congress to preclude venue considerations under this provision. This Court declines to agree with that assumption given the precedent discussed below.

In *International Brotherhood of Electric Workers v. Interstate Commerce Commission*, 832 F.2d 91 (7th Cir.1987), the Seventh Circuit transferred that case to the District of Columbia Circuit for lack of proper venue under 28 U.S.C. § 2343. Section 2343 requires that a petition to review an order of the Interstate Commerce Commission is filed in "the judicial circuit in which the petitioner resides or has his principal office, or in the U.S. Court of Appeals for the District of Columbia Circuit." Because the unincorporated association resided wherever any member could be found, the Seventh Circuit found that review could only be obtained in the D.C. Circuit. The Court specifically relied upon *Alexander v. C.I.R.*, 825 F.2d 499 (D.C.Cir.1987) for its authority to transfer the case to the appropriate venue under 28 U.S.C. § 1631. *International Brotherhood*, 832 F.2d at 93.

In *Alexander v. C.I.R.*, 825 F.2d 499 (D.C.Cir.1987), the D.C. Circuit concentrated on the underlying purpose of the Federal Courts Improvement Act of 1982 (FCIA), codified at 28 U.S.C. § 1631 (1982):

> The purpose of the FCIA was "to enhance citizen access to justice." Senate Report No. 275, 97th Cong. 1st Sess. 1 (1981). The legislative history of § 1631 itself is not extensive. However, it is abundantly clear that Congress intended that "a case mistakenly filed in the wrong court [should] be transferred as though it had been filed in the transferee court on the date in which it was filed in the transferor court." 128 Cong. Record 3572 (1982). It would be inconsistent with the purpose of the FCIA and the specific purpose of § 1631 to infer an intent and revoke our inherent power to transfer cases over which we have jurisdiction, but not venue.

825 F.2d at 501. Like this Court, the D.C. Circuit was not impressed with the argument that Judge Leventhal's suggested language

including venue was apparently impliedly rejected when language referring to venue did not appear in the final version of the bill. There was no discussion in the Senate Committee report (generated three years after Judge Leventhal's suggestion) as to why the references to venue were deleted from the bill. The D.C. Circuit Court stated that "[i]f Congress did not have venue in mind, it hardly seems likely that it intended to withdraw our power to transfer for lack of venue." *Id.*

It is clear that the plain language of the provision addresses the need for a lack of jurisdiction but fails to articulate the type of jurisdiction to which it refers. One could argue that Congress did not intend to limit the specific jurisdiction necessary because it omitted any specific reference to subject matter jurisdiction after specifically discussing it in Congress. The Court need not speculate on legislative intent regarding the final language used in 28 U.S.C. § 1631 because several cases hold that lack of *in personam* jurisdiction merits the application of 28 U.S.C. § 1631. *See Hill v. U.S. Air Force*, 795 F.2d 1067, 1068, 1070 (D.C.Cir. 1986) (D.C. Circuit found that district court did not abuse its discretion by dismissing a case for lack of *in personam* jurisdiction rather than transferring it under 28 U.S.C. § 1631 because neither party made a motion to do so); *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1065–66 (3rd Cir.1982) (applying 28 U.S.C. § 1631 to a want of *in personam* jurisdiction situation); *Slatick v. Director, Office of Workers' Compensation Programs, U.S. Department of Labor*, 698 F.2d 433 (11th Cir.1983); *Miller v. Hambrick*, 905 F.2d 259 (9th Cir.1990); *Nolt & Nolt, Inc. v. Rio Grande, Inc.*, 738 F.Supp. 163 (E.D.Pa. 1990).

 The Court relies on the plain language of the provision, the purpose of the Act, as well as the precedent cited above in finding that this provision applies to any type of jurisdiction, including *in rem* jurisdiction. Therefore, pursuant to the holding in *International Brotherhood of Electric Workers, supra*, and *Alexander, supra*, this Court finds that the first requirement of the three-part test under 28 U.S.C. § 1631 is met in

the instant case as this Court does not have *in rem* jurisdiction over the Klusak. This finding is particularly appropriate in light of admiralty and maritime law, which has been governed historically by very liberal rules of venue. Wright & Miller, *Federal Practice and Procedure*, 2d, § 3817. Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims states:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability.... When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be.... For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; *if venue is wrongly laid, the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.* If the vessel shall have been sold, the proceeds shall represent the vessel for the purposes of these rules.

Note also that the transferee court is free to re-determine the question of jurisdiction if it so chooses once the case is transferred. *See Jesko v. United States,* 713 F.2d 565 (10th Cir.1983); *United States v. John C. Grimberg Co., Inc.,* 702 F.2d 1362 (Fed.Cir.1983).

■ Under 28 U.S.C. § 1631 and Rule F(9), the second issue that must be determined is whether the transfer is in the interest of justice. In this case, the applicable limitation period is three years under 28 U.S.C. § 2415(b). A dismissal of this case will preclude Plaintiff from asserting its claim against the Klusak in any other Court. ADM states that, to a certain extent, Plaintiff has created this problem by delaying the filing of the action in the first place until just prior to the expiration of the limitation period. Although this point is well taken, it does not outweigh the strong policy behind statutes such as 28 U.S.C. § 1631, which advocates the preservation of a cause of action and deliberation on the merits when at all

possible. Therefore, the Court finds that it would be in the interest of justice to transfer this case to Louisiana. *Scotch Whisky Association v. Majestic Distilling Co.,* 681 F.Supp. 1297 (N.D.Ill.1988) (where the statute of limitations has run, the interest of justice requirement dictates that the case be transferred, if at all possible, rather than dismissed.)

Finally, the court must determine whether the district to which the case will be transferred is a district in which the action could have been brought at the time the complaint was filed. ADM argues that there is no evidence in the record which establishes that the action could have been brought in the Eastern District of Louisiana. Although this issue may be moot in light of Plaintiff's request to transfer this case to the Middle District of Louisiana, the Court finds ADM's argument puzzling in light of the hearing held on May 13, 1993, wherein counsel for ADM left the Court with the distinct impression that the Klusak had been in Louisiana not only from November 8, 1992, approximately 13 days after the suit was filed, but actually from the date the suit was filed. *See* this Court's May 26, 1993 Order, p. 3. It is undisputed that the Klusak was in the Eastern District of Louisiana on November 8, 1989. The fact that the record did not indicate its location on the date the Complaint was filed was a specific concern of the Court during oral argument on the Defendant's Motion to Dismiss and Plaintiff's Motion to Transfer. It was in response to this concern that counsel for Defendants clarified for the Court that the Klusak was in fact in the Eastern District of Louisiana for the duration of this lawsuit, thus apparently satisfying the third requirement under 28 U.S.C. § 1631.

■ However, the Klusak's presence in the Eastern District of Louisiana is no longer an issue given Plaintiff's recent request to transfer the case under 28 U.S.C. § 1631 to the *Middle* District of Louisiana, where the Klusak is now located. Regarding the third requirement under § 1631, Plaintiff has failed to show that the case could have been brought in the Middle District at the time the Complaint was filed. In fact, the record

to date indicates that it was *not* in the Middle District, but rather in the Eastern District at the time the Complaint was filed. Plaintiff's request to transfer fails to meet the third requirement under 28 U.S.C. § 1631 and Rule F(9). Therefore, Plaintiff's Motion to Reconsideration is denied.

*Plaintiff's Motion to File Amended Complaint Instanter (# 28); Defendants' Motion for Sanctions (# 25); Plaintiff's Motion for Withdrawal of Motion to File Instanter (# 31).*

■ Plaintiff's Motion to Withdraw its Motion to File an Amended Complaint Instanter is granted and the Motion to File Instanter is subsequently moot. ADM moves for sanctions because the Motion to File the Amended Complaint Instanter fails to allege reasonable reasons for Plaintiff's failure to comply with this Court's Order of May 26, 1993 which granted Plaintiff leave to amend its complaint within 21 days. Although the Court agrees that the reasons for the lack of compliance were not particularly compelling, the Court declines to award sanctions on this basis. There is no indication that Plaintiff acted in bad faith. Although Plaintiff was incorrect about the time constraint applicable to his Motion for Reconsideration, there is nothing in the record to indicate that it acted in bad faith when it prioritized the preparation of that motion in the context of an intervening business trip and preparation for a trial which took place in and around the deadline for the Amended Complaint. Furthermore, Defendants were not prejudiced in any way by the relatively short delay of nine days. If any party, Plaintiff is prejudiced by the passage of time in this case, not Defendant.

■ Additionally, ADM argues that sanctions are warranted under Rule 11 because the proposed Amended Complaint was frivolous from the start. Not only was it clearly filed after the expiration of the statute of limitations, but it also failed to state a claim upon which relief could be granted. The Amended Complaint added ADM as a Defendant in a cause of action which arose from an incident which took place before ADM even owned the vessel in question. Defendants argue correctly that the Complaint could never relate back to the original filing date, because there is no evidence that ADM ever knew of the original incident and the record is clear that ADM did not own or operate the Klusak until March 30, 1992, approximately two and one-half years after the incident occurred. Therefore, the argument that the Complaint could relate back to the original date of filing under Fed.R.Civ.P. 19 is not only implausible, but meritless.

Plaintiff responds that the decision to file the Amended Complaint was made in good faith and based upon the understanding that ADM was the owner of the Klusak and therefore a person with an interest in the defendant property. Plaintiff explains that under Fed.R.Civ.P. 19, Plaintiff believed that ADM should have been made a defendant in the *in rem* action because, as a practical matter, the disposition of the action may impair ADM's ability to protect its interest in the property. Furthermore, Plaintiff contends that the decision to include ADM as a Defendant was made only after consultation with the supervising attorney who is the Civil Chief for the Central District of Illinois and the attorney for the Army Corps of Engineers. Finally, Plaintiff clarifies that it did not file the Motion to File Instanter or the Amended Complaint for any improper purpose such as harassment or to cause unnecessary delay or needless increase in the cost of litigation.

Rule 11 of the Federal Rules of Civil Procedure requires that the signature of an attorney to a pleading constitutes a certificate by the signer that the pleading is well-grounded in fact and is warranted by existing law. The rule permits the Court to impose sanctions against the attorney signing the document and/or the party the attorney represents, for violation of the rule. The Court finds that Plaintiff did not file these pleadings to harass or for an other improper purpose.

It is true that when examining the statute of limitations period and the requirements of Rule 15(c), Plaintiff's Motion to File an Amended Complaint appears to be unreasonable at first glance. However, Plaintiff explains in its response that it considered ADM

an indispensable party under Fed.R.Civ.P. 19 under which:

A person may be added as a party at any stage of the action on motion or on the court's initiative and ... on the ground that a person has not been joined and justice requires that the action should not proceed in his absence....

Notes of Advisory Committee on Rule 19(b). The Court finds that Plaintiff's reasoning was plausible given the fact that ADM was the sole owner of the property *in rem* being sued for damages. It is unlikely that Plaintiff would have been able to collect damages without impinging on ADM's interest in the property. Therefore, the Court denies Defendants' Motion for Sanctions with regard to the attempted filing of the Amended Complaint.

### CONCLUSION

For the reasons set forth below, Plaintiff's Motion to Reconsider is DENIED; Plaintiff's Motion to Withdraw is GRANTED; and Plaintiff's Motion to File Instanter is MOOT and Defendants' Motion for Sanctions is DENIED. The Clerk is ordered to enter judgment.