FILED
United States Court of Appeals
Tenth Circuit

October 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY L. FAULKENBURG,

Plaintiff–Appellant,

v.

PATRICIA WEIR,

Defendant–Appellee.

No. 08-1324
(D.C. No. 1:08-CV-01028-RPM-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Plaintiff Jerry L. Faulkenburg appeals from the district court's order

summarily denying his motion to reinstate his claim and transfer it under

28 U.S.C. § 1406(a) to a district where it could have been brought. We have

jurisdiction under 28 U.S.C. § 1291. We reverse and remand for the district court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to consider whether transferring the case under 28 U.S.C. §§ 1406(a) and 1631 would be in the interests of justice.

# I

Faulkenburg, a Colorado resident, was involved in a motor vehicle accident in Kentucky on April 20, 2005. In May 2008, he filed suit against Patricia Weir in the District of Colorado, alleging that Weir drove the vehicle that struck his vehicle from behind and caused him damages. Weir, an Ohio resident, filed a motion to dismiss for lack of personal jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2) and (b)(3). Without waiting for a response, the district court granted Weir's motion and dismissed the suit, stating that "[t]he complaint is not sufficient to show any basis for personal jurisdiction or venue."

Faulkenburg then filed a motion asking the district court to reinstate the action and transfer it under 28 U.S.C. § 1406(a) to the Western District of Kentucky, where it could originally have been brought. He admitted that his complaint did not provide adequate grounds for personal jurisdiction or venue in Colorado and that he had filed his action in Colorado "to stop the Statute of Limitations in Kentucky." The district court summarily denied the motion. It did not consider whether transferring the case would be in the interests of justice, concluding that "[t]he motion [was] inappropriate because this court never acquired jurisdiction over [Weir]." Faulkenburg filed this appeal.

## II

We review the denial of a motion to transfer a case under 28 U.S.C. §§ 1406(a) and 1631 for abuse of discretion. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). When a district court does not exercise its discretion, or makes a decision without providing reasons, it abuses its discretion. Id. at 1223. Faulkenburg argues that the district court abused its discretion by denying his motion to reinstate and transfer the case without determining whether transferring the case was in the interests of justice. We agree.

In Trujillo, we determined that "[a] court may sua sponte cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631." 465 F.3d at 1222; accord Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962) (holding that a lack of personal jurisdiction can be remedied by a transfer under § 1406(a)). We concluded that "after the enactment of § 1631, where the [district] court determines that it lacks [personal] jurisdiction and the interests of justice require transfer rather than dismissal, '[t]he correct course . . . [is] to transfer the action.'" Trujillo, 465 F.3d at 1223 (quoting Ross v. Colo. Outward Bound Sch., Inc., 822 F.2d 1524, 1527 (10th Cir. 1987)). We reversed the district court in Trujillo because there was "no indication that [it] actually evaluated the possibility of transferring [the plaintiff's] claims under § 1631, and it provided no reasons for dismissing rather than transferring pursuant to § 1406(a)." Trujillo, 465 F.3d at 1223.

The district court in this case, like the court in <u>Trujillo</u>, denied the motion to reinstate and transfer without analyzing whether transfer would serve the interests of justice. Weir argues that the district court did not abuse its discretion in summarily denying a transfer because Faulkenburg did not file his action in Colorado in good faith. Although one of the factors in the interests-of-justice analysis is the plaintiff's good faith in filing the action in the wrong forum, a district court must also consider whether the new action would be time-barred in the proper forum and whether the claims are likely to have merit. <u>See</u> <u>id.</u> at 1223 n.16. Here, the district court engaged in no such analysis. Because this analysis is a highly factual inquiry, it is not appropriately handled by an appellate court in the first instance.

The judgment of the district court is therefore **REVERSED** and the case is **REMANDED** for additional proceedings.

Entered for the Court


Carlos F. Lucero
Circuit Judge