MIDDLE ATLANTIC STATES ENGINEERING, INC.

v.

CAMDEN CITY MUNICIPAL UTILI-TIES AUTHORITY et al.

Civ. A. No. 76–981.

United States District Court, E. D. Pennsylvania.

Jan. 17, 1977.

Natale F. Carabello, Jr., Philadelphia, Pa., for plaintiff.

Richard M. Rosenbleeth, Andrew J. Gowa, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for defendants Camden Municipal Utilities Authority and Camden County Sewage Authority.

Anthony Rizzo, Warminster, Pa., for City of Camden.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff, Middle Atlantic States Engineering, Inc., incorporated and having its principal place of business in Pennsylvania, brings this action for breach of contract against the City of Camden, Camden Municipal Utilities Authority and Camden County Sewage Authority. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. Defendants have moved to dismiss alleging, *inter alia,* that we lack personal jurisdiction over them. We agree and, therefore, will dismiss this action.

 Pennsylvania's long-arm statute, Pa.Consol.Stat.Ann. tit. 42, § 8301 et seq. (Supp. 1976–77), has a provision which allows for jurisdiction over a foreign corporation if allowable under the Constitution of the United States. *See* 42 Pa.Consol.Stat. Ann. § 8309(b). Therefore, the issue is whether the defendants have "certain minimum contacts" with this state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[1] *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Of course, a suit based on a contract which has substantial connection with the forum state can meet the standard. *McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

 Where "certain minimum contacts" exist, jurisdiction can constitutionally be exercised on the theory that:

" * * * to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue." *International Shoe Co. v. State of Washington, supra* 326 U.S. at 319, 66 S.Ct. at 160.

Unilateral activity on the part of the plaintiff is not sufficient; defendant must have purposefully availed "itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." The amount of contact necessary varies "with the quality and nature of the defendant's activity." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

 Defendants are New Jersey municipal corporations which are not alleged to have contacts with Pennsylvania outside of the contract involved herein. The issue, therefore, is whether the contract has a substantial relationship with Pennsylvania. It is obvious that the contract has an overwhelming relationship with New Jersey. Plaintiff incorporated a New Jersey subsidiary corporation for the express purpose of having a New Jersey office for the handling of the contract at issue. Carabello Affidavit. The contract was fully negotiated and entered into in the State of New Jersey. Supnick Affidavit. The contract provided for the evaluating, planning and coordinating of sewerage facilities in New Jersey.

In support of its contention that the contract also has a substantial relationship with Pennsylvania, plaintiff first contends that there were numerous correspondence

---

1. "However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him." *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958).

and telephone contacts between plaintiff's Pennsylvania office and defendants in New Jersey. Cambell and Carabello Affidavits. We find this factor somewhat less than persuasive. But beyond that, the exhibits submitted by both plaintiff and defendants show that virtually all of the official communications such as billings and reports carry plaintiff's New Jersey address, thus diminishing the substantiality argument.

The only remaining basis alleged by plaintiff for finding that the contract has a substantial relationship with Pennsylvania is that "[i]t was contemplated that Middle Atlantic States Engineering, Inc., would accomplish the work of design and drafting of plans and making of calculations and specifications for the projects under the contract at its facilities in Pennsylvania, which was in fact done."[2] Affidavits of Cambell and Carabello. We believe that it would offend "traditional notions of fair play and substantial justice" to allow New Jersey municipal corporations to be sued in Pennsylvania on the basis of a contract negotiated and executed in New Jersey for the purpose of evaluating, planning and coordinating sewerage facilities in New Jersey solely because the plaintiff, for its own convenience, did some design and drafting work in Pennsylvania. This contract simply does not have a substantial enough connection with Pennsylvania to render defendants amenable to service.

2. Plaintiff states that the New Jersey subsidiary's office had no substantial facilities for handling the actual work and that the bulk of the design and drafting work was done in the Pennsylvania office. Carabello Affidavit.