### NOLT & NOLT, INC.

v.

### RIO GRANDE, INC.

### Civ. A. No. 89–6098.

United States District Court,
E.D. Pennsylvania.

May 31, 1990.

---

Thomas R. Davies, Lancaster, Pa., for plaintiff.

Daniel McCormack, Camden, N.J., for defendant.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This case arises under the diversity jurisdiction of this court. 28 U.S.C. § 1332. The plaintiff, Nolt & Nolt, Inc., is a Pennsylvania corporation with its principal place of business in Lancaster, Pennsylvania. The defendant, Rio Grande, Inc., is a New Jersey corporation with its principal place of business in Lindenwold, New Jersey. This case arises out of a contract whereby plaintiff agreed to fabricate and erect certain panel systems on two buildings under construction by defendant in New Jersey. The contract was prepared by plaintiff at its Lancaster, Pennsylvania office and sent to defendant at its New Jersey office through the use of a facsimile machine, as well as by regular mail. Defendant re-turned a signed copy of the contract to plaintiff by fax machine.

The majority of the fabrication work required of plaintiff under the terms of the contract was necessarily performed by plaintiff at its Lancaster, Pennsylvania shop. Plaintiff alleges that the defendant has failed to pay the balance due under the contract and created a hardship for plaintiff which has impacted upon its operations in Pennsylvania. Plaintiff does not otherwise dispute an affidavit of defendant's president to the effect that the defendant is a New Jersey corporation which has never done any business in Pennsylvania, and that the contract was accepted and signed in New Jersey. After service of the complaint, defendant filed a Motion to Dismiss on September 27, 1989 claiming that this court lacked jurisdiction. On October 10, 1989, the notice accompanying defendant's Motion to Dismiss was amended to include the name and address of defense counsel as required by Fed.R.Civ.P. 11. Plaintiff's opposition to the Motion to Dismiss was filed some 28 days after receipt of the original motion, and some 21 days after receipt of the amended notice. This is beyond the 10 day limit and 3 day service period contemplated by Local Rule 20. No excuse is given for the failure of plaintiff to meet this time limit. We believe that plaintiff's complaint should be dismissed, but we do not rest our decision to dismiss solely upon plaintiff's failure to provide a timely response.

■ "[T]he conclusion seems inescapable that the duty devolves upon the court 'at any time' the jurisdictional question is presented to proceed no further until that question is determined." *Page v. Wright,* 116 F.2d 449, 453 (7th Cir.1940). The defense of lack of personal jurisdiction, if not waived, can be raised at any time. *Keil Lock Co. v. Earle Hardware Manufacturing Co.,* 16 F.R.D. 388 (S.D.N.Y.1954). Pursuant to Fed.R.Civ.P. 12(d), the jurisdictional issue may, upon application of any of the parties, be decided before trial. Therefore, we will consider the motion on its merits.

■ Under Fed.R.Civ.P. 4(e), a federal court may assert personal jurisdiction over nonresident defendants to the extent allowed by the law of the state in which the court sits. The Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5322(a)(4), confers jurisdiction for "causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth", and further, at § 5322(b) provides:

In addition to the provisions of subsection (a) of the jurisdiction of the tribunals of this Commonwealth shall extend to all persons ... to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

Pennsylvania courts have recognized that this provision renders the reach of the long-arm statute coextensive with that permitted by the due process clause of the United States Constitution. *See, e.g., Koenig v. International Brotherhood of Boilermakers,* 284 Pa.Super. 558, 426 A.2d 635 (1980). However, the interpretation of the United States Constitution by Pennsylvania Courts does not bind federal courts. We must therefore assess the constitutionality of exercising jurisdiction over a foreign defendant according to federal law. *Empire Abrasive Equipment v. H.H. Watson, Inc.,* 567 F.2d 554, 556 n. 1 (3d Cir.1977).

The basic factors for determining whether the exercise of jurisdiction over a nonresident defendant is proper were set out in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). That case held that due process is satisfied when a nonresident defendant has such minimum contacts with the forum state "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158.

The "minimum contacts" test does not allow for mechanical application. In applying the test, the facts must be weighed to see whether the requisite "affiliating circumstances" are present. Few answers "will be written in black and white. The greys are dominant and even among them the shades are innumerable." *Kulko v. Superior Court of California,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978).

Important factors in determining whether this test has been met are the quality of the contacts between the defendant and the forum state, *see McGee v. International Life Insurance Company,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), whether the cause of action flows from the contact or contacts, and whether the defendant has purposefully availed itself of the privilege of conducting activities in the forum state. *See Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The test is whether "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). These concepts have been further refined by the District Court in the case of *Middle Atlantic States Engineering, Inc. v. Camden City Municipal Utilities Authority,* 426 F.Supp. 299 (E.D.Pa.1977).

In *Middle Atlantic States Engineering, Inc.,* the Pennsylvania plaintiff brought an action for breach of contract under federal diversity jurisdiction against defendants, who were New Jersey municipal corporations. The contract was fully negotiated and entered into in New Jersey and provided for the evaluating, planning and coordinating of sewerage facilities in New Jersey. There were no allegations that these New Jersey municipal corporations had any contacts with Pennsylvania outside of the contract that was the subject of the dispute. The District Court, in *Middle Atlantic States Engineering, Inc.,* granted the defendants' motion to dismiss for lack of personal jurisdiction, stating: "This contract simply does not have a substantial enough connection with Pennsylvania to render defendants amenable to service." *Id.* at 301.

We believe that, with the exception of the municipal nature of the corporate identity of the defendants, *Middle Atlantic*

*States Engineering, Inc.,* bears considerable resemblance to the case at bar. Like the contract in *Middle Atlantic States Engineering, Inc.,* the contract in the instant case was also entered into in New Jersey and concerned the construction of two buildings located in New Jersey. Likewise, there are no allegations, in the case at bar, that the defendant corporation has had any contacts with Pennsylvania outside of the contract which is the focus of this dispute.

This is admittedly a close case. Nevertheless, we find, as did the court in *Middle Atlantic States Engineering, Inc.,* that this contract's connection with Pennsylvania lacks the substantiality necessary to justify the exercise of personal jurisdiction over the defendant. The defendant in the case at bar has not "purposefully availed itself" of the privilege of conducting activities in Pennsylvania and, by virtue of its "conduct and connection with the forum state" the defendant should not have reasonably anticipated being subject to suit in Pennsylvania.

We believe that *Shen Manufacturing Co., Inc. v. Gen–Tex Printing Co., Inc.,* 465 F.Supp. 829 (E.D.Pa.1978), cited to us by the plaintiff in the instant case, is not so much on point as is *Middle Atlantic States Engineering, Inc.* In *Shen Manufacturing Co., Inc.,* the plaintiff was a seller of cloth who regularly sent his products to the defendant's plant in New York for design printing. When a plant fire destroyed some of the plaintiff's goods, the plaintiff brought suit against the defendant to recover its loss. The court in *Shen Manufacturing Co., Inc.* noted that the plaintiff and defendant "appear to have had a continuous business relationship for approximately half a year." *Id.* at 831. The court then went on to say:

> Under these circumstances, Judge Snyder's rationale in *M & N Meat Company v. American Boneless Beef Corp.* [380 F.Supp. 912 (W.D.Pa.1974)] would seem of equal force here. Defendant "could reasonably foresee that its transaction would have realistic economic impact on the commerce of Pennsylvania;" the transaction was the genesis of the litigation; and therefore, "It is only just under

the facts of this case to presume that the Defendant should have anticipated that in the event of his inability to conform to the terms of the contract, for whatever reasons, he would be required to defend in the forum most affected by the agreement." 380 F.Supp. at 915, 917. *Id.* (footnote omitted).

Unfortunately, *Shen Manufacturing Co., Inc.* does not expound upon the meaning of the phrase "in the forum most affected by the agreement." We do not think it means an effect produced by mere lack of receipt of contractual payments at the plaintiff's Pennsylvania office. We think it reasonable for a cloth printer with a regular Pennsylvania customer to foresee the possibility of suit in Pennsylvania if goods destroyed in his care resulted in loss to the Pennsylvania customer. We do not think it reasonable for a New Jersey corporation, with no Pennsylvania contacts other than this particular contract with the Pennsylvania plaintiff, engaged in a construction project in New Jersey, to foresee being haled into a Pennsylvania court simply because the plaintiff has not received contractual payments.

Rather than dismiss this matter, we shall transfer it to the United States District Court for the District of New Jersey under the provisions of 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

An appropriate order follows.

### ORDER

AND NOW, this 31st day of May, 1990, upon consideration of defendant's Motion

to Dismiss for Lack of Jurisdiction and the plaintiff's response thereto, it is hereby ORDERED, pursuant to 28 U.S.C. § 1631, that defendant's motion is GRANTED IN PART and this matter is transferred to the United States District Court for the District of New Jersey. This case is CLOSED in this court.