NAPA DEVELOPMENT
CORPORATION,
INC., Plaintiff

v.

POLLUTION CONTROL FINANCING
AUTHORITY OF WARREN
COUNTY, Defendant.

No. Civ.A.04–3945.

United States District Court,
E.D. Pennsylvania.

Nov. 9, 2004.

Anthony J. Martino, Bangor, PA, for Plaintiff.

John M. Zaiter, Thomas P. Fischer, Broscious & Fischer, Washington, NJ, for Defendant.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

Defendant Pollution Control Financing Authority of Warren County (New Jersey) ("PCFA") moves to dismiss the Complaint filed by Plaintiff NAPA Development Corporation ("NAPA") for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Defendant argues that: 1) the nonresident Defendant's contacts with the forum state of Pennsylvania are not substantial, continuous or systemic enough to establish general jurisdiction; and 2) minimum contacts do not exist between the nonresident Defendant and the forum state and thus this Court lacks specific jurisdiction over Defendant. For the reasons set forth below, the Defendant's Motion to Dismiss for lack of personal jurisdiction is **GRANTED**.

### I. Procedural History

On or about August 25, 2003, NAPA, a Pennsylvania corporation, filed a civil Complaint for breach of contract against PCFA, a New Jersey municipal authority, in the Northampton, Pennsylvania Court of Common Pleas. Service of Process of the complaint was effectuated by the Pennsylvania Long–Arm Statute, 42 Pa. C.S.A. § 5301 *et seq.*

On or about August 29, 2003, PCFA filed preliminary objections raising lack of personal jurisdiction, pursuant to Pa. R.C.P. § 1028(a)(1). The preliminary objections were denied without prejudice on February 9, 2004, with leave to renew the motion following discovery. Discovery commenced, but before PCFA refiled its personal jurisdiction dispute in the Court of Common Pleas, NAPA removed its case to this Court pursuant to 28 U.S.C. § 1332, amount in controversy jurisdiction. Service of the federal complaint was effectuated via certified mail, restricted delivery, upon PCFA on August 26, 2004.

On October 18, 2004, PCFA filed this motion, raising the same argument that Pennsylvania lacks personal jurisdiction over PCFA. On October 26, 2004, NAPA responded to Defendant's motion by memorandum of law. NAPA argues that PCFA did establish such minimum contacts with Pennsylvania as to justify this court's exercise of specific jurisdiction. Plaintiff's points to PCFA's publication of request for bids in newspapers which circulate in Pennsylvania, as well as conducting at least some contractual negotiations in Pennsylvania with a Pennsylvania corporation.

### II. STATEMENT OF FACTS

The Complaint alleges breach of contract and violations pursuant to § 512 of

the Contractor and Subcontractor Payment Act of the Commonwealth of Pennsylvania. NAPA is a general contractor engaged in site development excavation and improvements, doing business for and with public and private entities. PCFA is a municipal authority in Oxford, New Jersey responsible for providing management operation of maintenance services for the Warren County District Landfill ("Landfill") located in White Township, New Jersey.

In February 2000, PCFA issued an invitation for bids to provide for the management, operation and maintenance services for the Landfill. As a governmental authority, PCFA was required to solicit bids publicly through a newspaper of general circulation within Warren County, New Jersey. N.J.S.A. 40A:11–23(a). The request for bids was published in two newspapers, *The Express–Times* and *Philadelphia Construction News.* NAPA responded to the solicitation and was awarded the contract. NAPA provided services under that contract, which commenced December 6, 2000, and ultimately terminated the contract, according to its terms, due to substantially increased waste flow. NAPA alleges that PCFA has withheld payment due to NAPA for its contracted services.

## III. DISCUSSION

■ As no federal question is involved in this case, this Court's personal jurisdiction is equal to that of the state's Court of Common Pleas. A district court may assert personal jurisdiction "over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.,* 149 F.3d 197, 200 (3d Cir.1998). Pennsylvania provides for personal jurisdiction over a foreign defendant in a number of circumstances, including when the defendant transacts business in Pennsylvania or when the defendant causes harm or tortious injury in Pennsylvania by an act or omission outside of Pennsylvania. 42 Pa.C.S.A. § 5322(a). NAPA alleges PCFA breached the contract between the parties by refusing to pay for NAPA's services, causing such harm to a Pennsylvania corporation.

## A. General Jurisdiction

■ This Court may assert either general or specific personal jurisdiction.[1] General jurisdiction is based upon a business entity's general activities within the forum state of Pennsylvania, and may exist independent of the cause of action or injury at issue where "a continuous and systematic part of its general business" is conducted within the state. 42 Pa.C.S.A. § 5301(a)(3)(iii); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The PCFA is a New Jersey municipal authority with its exclusive place of business in Oxford, Warren County, New Jersey. It was created pursuant to New Jersey Law and is not authorized to do business outside of New Jersey. It contracts for work performed exclusively in New Jersey. No continuous or systematic part of PCFA's general business occurs in Pennsylvania.

■ Substantial precedent establishes that even national advertising is insuffi-

---

1. The "court need not consider whether it has general jurisdiction, based on the defendant's continuous and substantial forum affiliations, unless it finds there is no basis for specific jurisdiction." *Rodale Press, Inc. v. Submatic Irr. Systems, Inc.,* 651 F.Supp. 208, 210, n. 1 (E.D.Pa.1986). NAPA does not specifically raise the question of whether Pennsylvania has general jurisdiction over PCFA as opposed to specific jurisdiction. However, since PCFA does argue that general jurisdiction is lacking, the court will address the issue.

cient for general personal jurisdiction, even if Pennsylvania residents respond to those advertisements, if the advertising is not directed at that forum. *See Wolgin v. Fine Decorators*, 2001 WL 897432, at *9 (E.D.Pa. Aug.7, 2001); *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542–3 (3d Cir.1985); *Helicopteros Nacionales*, 466 U.S. at 411, 104 S.Ct. 1868. A "nonresident defendant's advertising does not, by itself, satisfy the systematic and continuous conduct of business requirement" for general personal jurisdiction. *Fields v. Ramada Inn, Inc.*, 816 F.Supp. 1033, 1037 (E.D.Pa.1993). In fact, an "advertisement seeking business in [a nonforum state], even had it been in an exclusively Pennsylvania directory would not, by itself, constitute 'continuous and substantial' business activity." *Garofalo v. Praiss*, 1990 WL 97800, at *2 (E.D.Pa. Jul.10, 1990)(quoting *Reliance Steel Products Co. v. Watson, Ess, Marshall, & Enggas*, 675 F.2d 587, 589 (3d. Cir.1982)). Pennsylvania may not exercise general personal jurisdiction over Defendant.

## B. Specific jurisdiction

Specific jurisdiction is based upon acts occurring within Pennsylvania from which a plaintiff's injury or claims arise. Pennsylvania's Long–Arm statute allows personal jurisdiction to be exercised "to the fullest extent allowed under the Constitution and may be based upon the most minimum contacts with this Commonwealth allowed under the Constitution of the United States." *See* 42 Pa.C.S.A. § 5322(a)(1) and (b). The reach of Pennsylvania's long-arm statute is co-extensive with the constitutional limits of due process. *Creative Waste Management, Inc. v. Capitol Environmental Services, Inc.*, 2004 WL 2384991, at *2 (E.D.Pa. Oct.22, 2004).

■ Since NAPA's claim results from alleged injuries that " 'arise out of or relate to' " PCFA's contacts with the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)), "the court is said to exercise specific jurisdiction." *Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir.1998). For that specific jurisdiction to be properly exercised under the Due Process Clause, the plaintiff must show that the defendant has sufficient minimum contacts with the forum state, and the court must determine whether the exercise of jurisdiction meets "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ Such notions require that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). It is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). A defendant should not anticipate being haled into court in a jurisdiction with which it has merely attenuated, random or fortuitous contacts. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984); *World-Wide Volkswagen Corp.*, 444 U.S. at 299, 100 S.Ct. 559. But where a defendant has deliberately engaged in significant activities within a forum or has created "continuing obligations" between itself and res-

idents of the forum, *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 648, 70 S.Ct. 927, 94 L.Ed. 1154 (1950), it manifestly has availed itself of the privilege of conducting business there and thus is reasonably subject to specific personal jurisdiction. *Burger King*, 471 U.S. at 476, 105 S.Ct. 2174. PCFA has availed itself of that privilege as a result of its cumulative negotiating and advertising contacts with Pennsylvania in the course of requesting and awarding NAPA's bid.

### 1. Publication of Request for Bids

As a governmental entity, PCFA was required by New Jersey law to advertise its request for bids in a newspaper of general circulation in Warren County. PCFA published its request in *The Express Times* to meet this requirement. *The Express Times* is a newspaper of general circulation in Warren County, New Jersey but also circulates in Northampton County, Pennsylvania. In addition, the request for bids ran in the *Philadelphia Construction News* as a result of that publication's independent clipping of construction advertisements from other newspapers, including *The Express Times*. PCFA alleges that it was unaware of the *Philadelphia Construction News'* action and did not intend for it to advertise PCFA's request for bids. *See* Def. Memo. of Law at 9. PCFA states that circulation of the request in *The Express Times* in Pennsylvania and in the *Philadelphia Construction News'* constituted incidental, random contact with the forum, fortuitous at best. PCFA holds that it should not be subject to specific personal jurisdiction because it could not have anticipated being haled into a Pennsylvania court based on such grounds.

NAPA argues that PCFA's publication in *The Express Times* purposefully attracted the attention of both a New Jersey and Pennsylvania readership, thus providing PCFA with the opportunity to contract with Pennsylvania corporations and benefit from Pennsylvania laws and protections. As such, PCFA solicited business from Pennsylvania and should be subject to the reach of a Pennsylvania court. However, "to prove the existence of 'specific' jurisdiction, a plaintiff must show that the defendant has 'purposefully directed' his activities at residents of the forum." *Delta/Ducon Components Grp. Co. v. Ducon Fluid Transport Co.*, 2000 WL 15072, at *4 (E.D.Pa. Jan.3, 2000)(quoting *Keeton*, 465 U.S. at 775, 104 S.Ct. 1473). Even national advertising would not alone make it reasonable to require Defendant to defend itself in this forum. *Delta/Ducon Components Grp. Co.*, 2000 WL 15072 at *4; *see World-Wide Volkswagen Corp.*, 444 U.S. at 292, 100 S.Ct. 559. Here PCFA's advertisement only circulated accidentally and incidentally in Pennsylvania, rendering specific personal jurisdiction untenable without further contacts.

### 2. Contractual negotiations

Although the circulation of PCFA's request for bids in Pennsylvania does not suffice to justify specific personal jurisdiction, other contacts must be considered. PCFA contracted with a Pennsylvania corporation and at least some of the contractual negotiations occurred at NAPA Development in Penn Argyl, Pennsylvania.[2] These contacts must be weighed; "the inquiry is whether the totality of all of these contacts establish the minimum contacts

---

**2.** *See* Plaintiff's Answers to Defendant's Interrogatories, Def. Memo. of Law, Exh. E at ¶ 10. In "ruling upon a motion to dismiss, courts must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142, n. 1 (3d Cir.1992).

required to assert jurisdiction over a defendant." *Mountbatten Sur. Co. v. Reagerharris Inc.,* 2000 WL 39063, *5, 2000 U.S. Dist. LEXIS 333, at *16 (E.D.Pa. Jan. 19, 2000).

This circuit has held in several other cases that contacts such as PCFA do not justify extending personal jurisdiction. In *Mellon Bank (East) v. DiVeronica Bros.,* 983 F.2d 551 (3d Cir.1993), the nonresident defendant cashed checks drawn on a Pennsylvania bank, submitted a claim to a Pennsylvania insurance company and signed and returned a letter agreement to Pennsylvania. *Id.* at 556–67. The defendant in *Reliance Steel Products,* 675 F.2d, *supra,* made telephone calls to Pennsylvania, advertised in a legal directory distributed in Pennsylvania and sent a bill to the plaintiff in Pennsylvania. *Id.* at 589. In *Nolt & Nolt v. Rio Grande,* 738 F.Supp. 163 (E.D.Pa.1990), the defendant faxed a signed copy of a contract to a Pennsylvania resident. In none of these cases were the established contacts enough for jurisdictional reach. The courts found that the defendants could not have anticipated being haled into Pennsylvania litigation.

## IV. CONCLUSION

Even the cumulative effect of Defendant's activities is not enough for this court to find that PCFA directed its activities towards activities or purposefully availed itself of the benefits and protections of the forum. For the reasons outlined above, the Defendant's Motion to Dismiss for lack of personal jurisdiction is granted. An appropriate order follows.

## ORDER

**AND NOW,** this 9th day of November, 2004, upon consideration of Motion for Dismissal Pursuant to F.R.C.P. 12(b)(2) Lack of Personal Jurisdiction, the response and reply thereto, it is **ORDERED** that said motion is **GRANTED.** This case is transferred to the U.S. District Court for the District of New Jersey.